## Hatfield v. Commonwealth.

(Deided September 28, 1923.)

### Appeal from McCreary Circuit Court.

1. Criminal Law—Defect in Indictment Immaterial Where that Part Disregarded.—That part of indictment for unlawful transportation of intoxicating liquors alleging that defendant was convicted for the same character of offense prior to the time of the commission of the one for which indicted, for purpose of increased punishment, was defective in that the prior offense was committed under Acts 1920, chapter 80, instead of Acts 1922, chapter 33, and therefore chapter 33, section 4, of the latter act did not apply, was immaterial where the charge of the first conviction was entirely ignored upon the trial, and defendant was given the minimum punishment for the violation with which he was charged.

2. Intoxicating Liquors—Evidence Sufficient to Sustain Conviction for Unlawful Transportation.—In a prosecution for unlawful transportation of liquor, evidence held sufficient to sustain a conviction.

3. Criminal Law—Evidence Discovered in Making Arrest Without Warrant Competent.—Where a peace officer, under Criminal Code of Practice, section 36, subdivision 2, makes an arrest for disorderly conduct committed in his presence, intoxicating liquor found or discovered while pursuing the person arrested, which was thrown away by him in his flight, was competent evidence in a prosecution for unlawful transportation of liquor, though the officer had no search warrant.

H. M. CLINE for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Jason Hatfield, was indicted and convicted in the McCreary circuit court for the offense of transporting spirituous, vinous, malt or intoxicating liquors contrary to law, and from the judgment pronounced upon the verdict assessing against him a fine of

one hundred dollars and thirty days' imprisonment in the county jail he has appealed and by his counsel urges two grounds for a reversal of the judgment, which are (1), failure of the court to sustain his demurrer filed to the indictment, and (2), insufficiency of the evidence introduced by the Commonwealth to sustain the conviction.

The only fact relied on in support of ground (1), is that the indictment, after properly charging the unlawful transportation, contained the further allegation that defendant was convicted for the same character of offense prior to the time of the commission of the one for which he was indicted, the purpose of which was to visit upon him the increased punishment for such subsequent offense, and it is insisted that the prior offense was committed under the 1920 act instead of the 1922 act, under which the defendant was indicted, and for that reason the ''habitual criminal'' portion of section 4, chapter 33, of the 1922 Acts, which provides for the increased punishment for the second offense should not apply. If, however, we should admit the soundness of the contention, it has no relevancy in this case, since the charge of the first conviction contained in the indictment was entirely ignored upon the trial, there being no evidence introduced upon it nor any instruction submitting it and defendant was given the minimum punishment for the violation with which he was charged.

Ground (2), is equally without merit. The chief prosecuting witness was the sheriff of the county, and he testified that he was endeavoring to arrest defendant for disorderly conduct committed in the presence of the witness, and that defendant had in his possession, besides a pistol, a quart fruit jar in one hip pocket and a pint bottle in the other one, each of which contained some kind of liquid, and that defendant threw it or a part of it under a car as he was being pursued by the officer; that a deputy sheriff recovered the package thrown under the car within a minute or so afterwards and it contained whiskey. The deputy sheriff corroborated that testimony in all of its material parts. Another witness testified that he saw defendant some thirty minutes or more afterwards and he then had a quart of moonshine whiskey in his possession, which was contained in a fruit jar, but the court, upon objection by defendant's counsel, excluded that testimony from the consideration of the jury. The three witnesses referred to were the only ones introduced

or heard upon the trial. Manifestly, the testimony was not only sufficient to sustain the conviction, but was of such convincing nature as to require at the hands of the jury no other verdict than one of guilty.

But it is insisted that the evidence of the sheriff and that of his deputy was incompetent because neither of them had a warrant for the arrest of defendant, nor one to search his person, which contention ignores the fact that a peace officer, under the provisions of subsection 2 of section 36 of the Criminal Code, may make an arrest "when a public offense is committed in his presence," and we have frequently held that evidence found or discovered by an officer or other person in making or in an effort to make a legally authorized arrest is competent without the possession of a search warrant by the officer or other person making or attempting to make it. Youman v. Commonwealth, 189 Ky. 152; Hale v. Commonwealth, 197 Ky. 214.

It follows, therefore, that neither of the grounds urged for a reversal is sufficient to authorize it, and the judgment is accordingly affirmed.