## Elswick v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from Letcher Circuit Court.

1.  Arrest—Officer May Arrest for Offense Committed in His Presence.—Both at common law and under the Code an officer may arrest a person for an offense committed in his presence.
2.  Arrest—Criminal Law—Officer May Search Person Lawfully Arrested and Evidence Obtained Admissible.—An officer may search a person whom he has lawfully arrested, and such search is reasonable, and the evidence obtained thereby is admissible.
3.  Arrest—Officer Apprised by Any Sense that Crime is being Committed May Arrest Without Warrant.—Where an officer is apprised by any of his senses that a crime is being committed in his presence, he may arrest without a warrant.
4.  Arrest—Criminal Law—Officer Held to have Properly Arrested and Searched Defendant, and Liquor Found was Admissible.— Where defendant, through exertions throwing balls, raised the skirt of his coat, and caused it to hang on a bottle in his hip pocket, and bottle contained white liquor, which dashed around with the movement of his body, being visible to those behind him, a deputy marshal, observing this, had the power to arrest him for unlawfully having intoxicating liquor in his possession, and to thereafter search him and confiscate the bottle and introduce it in evidence.
5.  Criminal Law—Presumed that Town is City of Sixth Class.—The legislature not having assigned the town of Jenkins to any particular class, if it is incorporated at all, it is presumed that it

belongs in the sixth class, under Ky. Stats., section 2741, as amended by Acts 1922, chapter 108.

6.  Criminal Law—Presumed Prosecution for Statutory Offense, and Not Under City Ordinance.—Though prosecution for unlawful possession of intoxicating liquor was styled in the order book in the name of the Commonwealth for the use and benefit of the town of Jenkins, but it did not appear in the body of the order, or in the warrant, it is presumed that the prosecution was for a statutory offense, and not for violation of an ordinance, under Ky. Stats., section 3702.

7.  Intoxicating Liquors—Rash-Gullion Act Does Not Authorize Town Board to Enact Ordinances Covering Subject.—The Rash-Gullion Act did not authorize a town to enact ordinances covering the subject of unlawful possession of intoxicating liquor by reason of its having given police courts jurisdiction to try offenses, in view of Ky. Stats., section 3704, subsection 5.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Bradley Elswick was throwing balls at a doll rack; his exertions raised the skirt of his coat and caused it to hang on a bottle in his hip pocket. The bottle contained a white liquid which dashed around with the movement of his body, being visible to those behind him.

A deputy marshal standing a few feet back observed this and arrested Elswick for unlawfully having intoxicating liquor in his possession. After the arrest the officer searched him and confiscated the bottle. He removed the cork and smelled the contents, which he says had the odor of moonshine liquor.

Charged with the above offense Elswick was tried and convicted in the police court of the city of Jenkins and upon appeal to the circuit court met a like fate. On this appeal he insists that the arrest was illegal, the search unreasonable and therefore the evidence inadmissible.

Both at common law and under the code an officer may arrest a person for an offense committed in his presence. The constitutional provision does not inhibit a reasonable search, and it is universally held that an officer may search a person whom he has lawfully ar-

rested; that such search is reasonable and the evidence obtained thereby is admissible. Com. v. Warner, 198 Ky. 784; Royce v. Com., 194 Ky. 480; Turner v. Com., 191 Ky. 829.

A question may arise as to how an officer may determine that an offense is being committed in his presence. On this question it has been said:

"An officer must have direct knowledge through his hearing, sight or other sense of the commission of the crime" (Elrod v. Moss, 278 Fed. 123), but, "It is not necessary therefore that the officer should be an eye or witness of every fact or circumstance involved in the charge or necessary to the commission of the crime" (Ex Parte Morrill, 35 Fed. 261.)

As said in Agnello v. U. S., 290 Fed. 671:

"It is well settled that where an officer is apprised by any of his senses that a crime is being committed in his presence he may arrest without a warrant." 4 Blackstone's Comm., 299; 1 Bish. Crim. Prac., sec. 166-171, 182-184; Byrne's Fed. Proc., sec. 10; O'Connor v. U. S., 281 Fed. 396; McBride v. U. S., 284 Fed. 416.

Here an offense was committed in the officer's presence, and the facts and circumstances were sufficient to apprise him of that fact. Upon arrest and search the evidentiary fact that such crime was being so committed was fully established. We conclude that the arrest was legal and the evidence admissible.

It is further urged that this is a prosecution for the violation of an ordinance of the city of Jenkins and that there was no proof of the enactment of such ordinance, therefore, no public offense was proven and a peremptory instruction should have been given. It may be conceded that the circuit court will not take judicial notice of the enactment of ordinances of cities of this class. But it does not appear that this prosecution was for a violation of a city ordinance. The warrant runs in the usual form of state warrants and makes no reference to a city ordinance. The legislature has not assigned the town of Jenkins to any particular class. If it is incorporated at all it is presumed that it belongs in the sixth class. Sec-

tion 2741, Ky. Statutes, as amended by the act of March 4, 1922.

Section 3702, Ky. Statutes, provides that a violation of any ordinance of a town of the sixth class may be prosecuted by the authorities of such town "in the name of the Commonwealth of Kentucky for the use and benefit of such town."

That phrase appears in setting up the style of this case on the order book, but it does not appear in the body of the order or in the warrant which is the pleading in the case, and the caption of which should show the parties to the prosecution. As the police court has jurisdiction to try statutory offenses and nothing appears either in the caption or in the body of the warrant to indicate otherwise, the natural presumption is that the prosecution was for a statutory offense.

Aside from this, sub-section 5, sec. 3704, restricts the penalty that may be provided for a violation of a town ordinance to a fine of $100.00 and imprisonment for 50 days. This is far below the maximum penalty provided for a violation of this offense in the Rash-Gullion Act. By express provisions of that act jurisdiction is given such courts to try offenses arising under it, but this does not authorize the town board to enact ordinances covering the question.

We must conclude that the statutory offense was charged and tried.

Wherefore the judgment is affirmed.