## Banks v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from Letcher Circuit Court.

Criminal Law—Searches and Seizures—Search for Concealed Weapon Held Unwarranted and Evidence Disclosed Held Incompetent.—Where sheriff heard shots fired in the public and about ten minutes later followed after persons in the road and found defendant and several others at a house several miles down the road, and defendant denied that he had a pistol, and sheriff ordered his brother-in-law to search him because he saw some kind of bulk in the front of his shirt, and brother-in-law found a pistol, the search was unwarranted without a search warrant, and without having arrested defendant for shooting upon a public highway, and the evidence disclosed by the search was incompetent in a prosecution for carrying concealed weapon.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was tried and convicted upon an indictment charging him with unlawfully carrying upon and about his person a concealed deadly weapon.

The only witness introduced upon the trial of the case was James Combs, the sheriff of Letcher county, who stated, in substance, that upon a certain evening, shortly after dark, he heard shots in the public road near his home; that he did not know who the parties were, but that in about ten minutes he with his brother-in-law, H. Y. Brown, followed after them and found the defendant and several others at the home of Bent Frazier, about two and one-half miles down the road from his house; that appellant was sitting on a bed in the room when he entered; that he ordered him to give up his pistol, and that defendant denied that he had a pistol; that witness could see some kind of bulk in the front of his shirt, but could not see what it was; that he directed his brother-in-law to search the defendant, and he reached into the bosom of defendant's shirt and took the pistol from him.

The witness admitted he had no search warrant, and that he did not know whether the defendant was the party who shot in front of his home or not, but he thought he recognized his voice as one of the party. There is no claim, however, that defendant was arrested before he was searched for shooting upon a public highway, or that in fact he did so.

It is therefore quite clear, we think, that the search of the defendant was unwarranted, and the evidence thereby disclosed was incompetent. Holbrooks v. Commonwealth, 197 Ky. 568, 247 S. W. 751.

It follows, the court erred in overruling defendant's motion to exclude the evidence, and in refusing to direct the verdict in his behalf.

Wherefore the judgment is reversed, and the cause remanded for a new trial consistent herewith.