## Robinson v. Commonwealth.

(Decided January 30, 1925.)

### Appeal from Pike Circuit Court.

1. Arrest—In Misdemeanor Cases, Arrest Without Warrant is Authorized Only where Offense Committed in Officer's Presence.—Under Ky. Stats., section 1309, arrest without warrant is authorized in misdemeanor cases only where offense is committed in officer's presence.

2. Arrest—Offense of Carrying Concealed Weapon Held Committed "In Officer's Presence" in Manner to Justify Arrest.—Offense of carrying concealed weapon held committed "in officer's presence," so as to warrant arrest, under Criminal Code of Practice, section 36, subsection 2, where defendant wore overalls and officer could see imprint of pistol in pocket "well enough to know that it was a pistol."

3.  Weapons—Pistol Carried in Overalls Pocket so that Form was
    Visible, Held "Concealed," Within Statute Prohibiting Carrying
    of Concealed Weapons.—Pistol carried in overalls pocket in such
    manner that officer could discern its form well enough to know
    what it was held nevertheless "concealed," within statute pro-
    hibiting carrying of concealed weapons.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was arrested by a deputy sheriff without
a warrant, upon the charge of carrying a concealed
deadly weapon, and was convicted upon the evidence of
the arresting officer. Whether or not this evidence was
competent is the first question presented by this appeal,
and the only one argued by counsel, and this in turn de-
pends upon whether or not the arrest without a warrant
was authorized by subsection 2 of section 36 of the Crim-
inal Code, which provides:

> "A peace officer may make an arrest . . .
> without a warrant when a public offense is commit-
> ted in his presence, or when he has reasonable
> grounds for believing that the person arrested has
> committed a felony."

As the offense for which the defendant was arrested
is a misdemeanor and not a felony (Kentucky Statutes,
1309), the arrest was authorized only if the offense was
committed in the presence of the officer and not if he
merely had reasonable grounds for so believing. As
stated in Hughes v. Commonwealth, 19 Ky. L. R. 501, 41
S. W. 294:

> " 'In the presence of' in the statute means in
> the sight of, or that the act be done in such a manner
> that the officer can detect it by sight or hearing
> as the act of the accused. It does not apply to a case
> where he cannot detect the act but merely has a sus-
> picion."

The officer testified that at the time of the arrest
the defendant had on overalls, and that he could see the
imprint of the pistol in his pocket "well enough to know
that it was a pistol" before he made the arrest. It is
therefore clear that the act was done in the presence of

the officer within the meaning of the statute, since it was done in such manner that he could detect it by sight.

Obviously, this is a very different state of fact from that we had before us in Banks v. Commonwealth, 202 Ky. 762, 261 S. W. 262, upon which appellant relies, and where, as stated in that opinion, the officer "could see some kind of bulk in the front of his (defendant's) shirt but could not see what it was." Neither is this case on its facts similar or analogous to those in which we have held that an officer is not authorized to arrest a person upon a charge of unlawfully possessing intoxicating liquors by reason of the fact that he sees in the defendant's possession a covered container such as a jar, or bottle. In such cases he cannot tell from his observation the contents of the discerned container, whereas the observed imprint of a concealed pistol conveys to the officer knowledge of the unlawful act itself.

The difference in the facts of those cases and the one at bar illustrates the difference prescribed by the statute, *supra*. In the latter the officer's sense of sight conveys knowledge of the criminal act being committed in his presence. In the former what he sees merely creates a suspicion or a belief that may or may not be true. In the one case he can truthfully say from what he saw that the offense was committed in his presence, while in the other what he saw only enables him to say truthfully that he believes the act was committed in his presence.

We are therefore clearly of the opinion that the offense of carrying concealed a deadly weapon is committed in the officer's presence within the meaning of section 36 of the code, *supra,* when, as here, the act is done in such manner that the officer can detect it by sight.

A question not argued but clearly presented, and which we think should be decided is, whether if the officer made this discovery by sight that the accused had a deadly weapon in his pocket, the weapon was concealed in the meaning of section 1309 of the statutes.

We have found but two cases which attempt a definition of the word "concealed" as here employed. In the first of these, Daniel v. Commonwealth, 6 Ky. Opns. 32, the court said:

"The offense denounced and intended to be punished by the statute manifestly is the practice of carrying deadly weapons concealed from ordinary and common observation, and not such open and

visible arming of the person as would be readily seen and understood, and although the pistol of the appellant may have been worn in a scabbard as such weapons are, and thus a part of it concealed from view, yet if enough of it was exposed to ordinary observation and not hidden by clothing or otherwise as to show plainly what it was, such carrying of it was not, in our opinion, an offense under the statute.''

In the other case, Williams v. Commonwealth, 37 S. W. 680, it was held that ''to conceal, as the word is defined by lexicographers according to the definition and approved usage of language, and therefore in proper meaning of the statute, is to hide, secrete, screen or cover.''

Under either of these definitions, and we think the former more clearly conforms to the evident meaning and purpose of the legislature, it seems clear that the defendant's pistol was concealed at the time of his arrest. No part of it was protruding from the pocket, and it was therefore screened or covered, and hidden and secreted from ordinary and common observation, and was not such open and visible arming of the person as would be readily seen and understood.

Judgment affirmed.