## Smallwood v. Commonwealth.

October 7, 1947.

George K. Holbert, Judge.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Appellant, Jeff Smallwood, Jr., was indicted for the felony of carrying concealed a deadly weapon, a dirk, as denounced in KRS 435.230. In separate counts the indictment further charged in appropriate terms that Jeff previously had been convicted of three felonies. His trial under the instant indictment also resulted in a conviction and his punishment was fixed at life imprisonment, as provided in KRS 431.190.

Appellant's motion for a new trial contained 11 grounds, but only three are argued in his brief: 1. The court erred in overruling his motion for a directed verdict at the conclusion of the Commonwealth's evidence; 2. his general demurrer should have been sustained to the indictment; 3. the statute under which he was convicted is unconstitutional. We have concluded that the first ground is meritorious and if there should be another trial, we feel that the Commonwealth's evidence will be substantially the same as shown in this record, hence we deem it unnecessary to consider or discuss grounds two and three.

There is no conflict in the material evidence and this is substantially what happened. Preston Cannon, Sheriff of Grayson County, was busy in his office when a man whose name he did not know, but whose face and residence were familiar to him and whom he believed to be reliable, came into his office and described a man to the sheriff whom he did not know, but whom that officer thought was appellant, and told the sheriff that he believed this man was carrying a deadly weapon concealed upon his person.

No warrant was issued on this information, but the sheriff, believing his informant had reference to Jeff, went out looking for him. He was accompanied by Corbin Givans, a deputy sheriff, and they found Jeff in a drug store in Leitchfield peacefully buying a sack of smoking tobacco. Jeff was in his shirt sleeves and both officers testified that they noticed "something under his belt and it looked bulky." While they could not tell what it was, they were of the opinion that it was a deadly weapon, and the sheriff then said: "Consider yourself under arrest, and get your hands up, and I taken the knife. * * * He (Jeff) said, 'Don't do that.' "

The weapon taken from under appellant's shirt was a hunting knife, or dirk, with a blade the officers estimated to be six inches long. It had a cross-piece, or shield, between the handle and the blade and it was in a sheath. Jeff testified he had bought the knife that day and was taking it home. But the sheriff's testimony was that Jeff said to him on the way to the county judge's office, "You know I have been in trouble and I have to protect myself."

It is provided in sec. 36(2) of the Criminal Code of Practice that a peace officer may arrest a person without a warrant "when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." Here, there is no contention that any offense was committed by appellant in the presence of the officers, other than carrying this knife concealed on his person. It is patent that unless the sheriff had reasonable grounds for believing that Jeff had committed a felony, his arrest was illegal and the sheriff had no authority to search him, and the weapon found on the prisoner was not competent evidence against him and appellant's objection to its admissibility should have been sustained. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303.

We have written in many cases that the fact something bulged in the accused's clothes, or from some package he carried, which caused the officers to believe or surmise that it was a deadly weapon, or contraband, was not sufficient ground to authorize an arrest where the officers did not see what the article was that caused the bulge. Banks v. Commonwealth, 202 Ky. 762, 261 S. W. 262. Adkins v. Commonwealth, 202 Ky. 86, 259 S. W. 32; Best v. Commonwealth, 207 Ky. 178, 268 S. W. 1089. The first case is where the officers saw a bulge in the accused's clothing and thought it was a pistol, while in the other two cases the officers thought the article causing the bulge was whiskey.

In Robinson v. Commonwealth, 207 Ky. 53, 268 S. W. 840, it was pointed out that where the officer saw the imprint in the accused's clothes "well enough to know that it was a pistol," he was authorized to make the arrest. But that is not the case here, as both officers

testified they could not detect from the bulge what Jeff had under his shirt, but they thought it was a deadly weapon, although they did not testify as to what character of weapon they thought it was.

The facts in Elswick v. Commonwealth, 202 Ky. 703, 261 S. W. 249, relied upon by appellee, distinguish that case from the one at bar. There, the officers saw a bottle of moonshine whiskey in Elswick's pocket while he was throwing balls at a doll rack, hence he committed the crime of unlawfully having liquor in his possession in the presence of the officers, and this gave the latter authority to arrest and search Elswick.

Nor can it be said in the instant case that the sheriff had reasonable grounds for believing appellant had committed a felony from the information that officer received from the unnamed man who came into his office. This informant did not tell the sheriff that he knew appellant had a deadly weapon concealed upon his person, but only that he *believed* appellant had. This was not a statement of fact upon which the officer could rely, but merely was a surmise, suspicion or the expression of an opinion. The ''reasonable grounds'' for believing that a person has committed a felony, which authorizes a peace officer to make an arrest without a warrant under sec. 36(2) of the Criminal Code of Practice, are practically the same as ''probable cause'' used in sec. 10 of our Constitution, which forbids the issuing of a search warrant unless supported by an affidavit showing probable cause. Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 938.

It has long been the rule in this jurisdiction that an affidavit which does not state facts upon which the officer issuing the warrant may determine the existence of the probable cause, but contains only the belief of the affiant unsupported by the facts upon which that belief is based, is insufficient to authorize the issuance of a search warrant. Dukes v. Commonwealth, 196 Ky. 60, 244 S. W. 74; the Mattingly case; Pezzerossi v. Commonwealth, 214 Ky. 240, 282 S. W. 1097. By a parity of reasoning, a peace officer does not have reasonable grounds for believing that a person has committed a felony when the only information he has on the subject is that a reliable person has told the officer that he be-

lieves the accused has committed a felony, without stating the facts upon which that belief is based.

Should there be another trial of this case and should the Commonwealth's evidence be substantially the same as on the first trial, the judge will peremptorily instruct the jury at the conclusion of the Commonwealth's evidence to acquit the accused.

The judgment is reversed.