**Rome ALRED, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

J. K. Beasley, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Rome Alred, was convicted of carrying concealed a deadly weapon, an offense denounced by KRS 435.230, and his punishment was fixed at two years' confinement in the penitentiary.

On August 11, 1953, appellant, his two companions, Jimmie Chasteen and Earl Smith, and his very young son, were returning from Leslie County toward his home in Harlan County on U. S. Highway 421.

About the time they were crossing Pine Mountain, two state troopers, for reasons they deemed sufficient, began to follow the truck driven by appellant. When appellant reached his residence, he pulled off the road and got out of the truck. Trooper Kelly. walked to the side of the cab, looked through the window and there saw two sacks, one of which had a hole in it about an inch and a half or two inches in diameter and through this aperture he saw that the sack contained moonshine whiskey. He inform- ed appellant that he was under arrest. Thereupon Officer Babb began to search appellant who reached for his right front pocket. The officer caught his hand, held it, then reached in his pocket and pulled a pistol out of it. He testified that the pistol was completely concealed in appellant's pocket.

■ It has been established that when an arrest is legally made, the common- wealth may use the evidence obtained in making the arrest to convict the accused of an offense different from that for which he was arrested. Hatfield v. Commonwealth, 200 Ky. 264, 254 S.W. 914. It is also true that the evidence discovered by the search of a culprit's person or his belongings in the officer's immediate presence, after a legal arrest, is competent. Ingle v. Com- monwealth, 204 Ky. 518, 264 S.W. 1088.

Here, appellant contends that the search by the officer which resulted in the discov- ery of the illegal whiskey was improper with no evidence to substantiate the arrest, and, therefore, since that arrest was in- valid, the subsequent search of appellant's person for a concealed weapon was like- wise invalid.

Whether or not the first search was legal turns, we think, upon whether the search was made on the highway or on the premises of appellant's residence.

The arresting officer, Babb, testified on direct examination:

"A. Yes, and we were coming across the mountain one day and came behind Mr. Alred in his truck. He pulled off the road up there, and we got out of the car. We pulled off be- hind him, got out of the car. Trooper Kelly walked around and looked in the cab and there was moonshine whis- key. He turned around and told Mr. Alred he was under arrest. I tried to search Mr. Alred. He tried to get his hand in his right front pocket. I caught his hand and held it and reached in his pocket and pulled this pistol out of his right front pocket."

However, when he was particularly ex- amined on this point, he testified:

"Q. Where abouts was his truck when you searched it? A. Pulled off the road alongside the highway.

"Q. Whose premises? A. I sup- pose it would belong to the highway department.

"Q. Was that his residence? A. Along near his residence.

"Q. In his driveway? A. It might have been his driveway, I didn't pay much attention. We pulled off."

Officer Kelly in this connection testified only that on this occasion the officers pulled up behind the appellant's truck and got out of the car. He was not questioned by either party concerning the exact loca- tion of appellant's truck or his car.

On the other hand, appellant fixed the point of search as follows:

"It was on my own possessions. We had done got out of the truck and started inside. They didn't let me put the kid inside. Willard come to the end of the truck, and he said, 'What have you got there, Rome'? I said, 'Bucket of minnows.' He said, 'I be- lieve you have something else.' I said, 'Have you got a search warrant'? He didn't make answer. He said, 'I thought so.' Babb grabbed me and took the pistol out of my pocket."

The witness, Earl Smith, also testified that the search was made in the driveway of

appellant's yard. The other adult witness was not questioned as to the exact location of the search.

We think the only reasonable inference from all the evidence given is that the search was made on the premises of appellant where the officers had gone without invitation and without right.

The immunity from unlawful search and seizure guaranteed by the Constitution extends not only to the home and person of a citizen but also to his premises and possessions (including a truck or automobile, Settles v. Commonwealth, 294 Ky. 403, 171 S.W.2d 999), and the invasion of such premises for the purpose of search by officers without a search warrant is unlawful and evidence obtained thereby incompetent. Jordan v. Commonwealth, 199 Ky. 331, 250 S.W. 1004.

In Fleming v. Commonwealth, 217 Ky. 169, 289 S.W. 212, officers went on the premises belonging to the accused without a warrant and by looking through the door of a building located some distance from his dwelling house determined the fact that a distilling outfit was set up for operation. The court held that the evidence so obtained was incompetent because the officers lacked a valid warrant to search the premises. We see little difference between the facts of that case and the one at bar because here the possession on appellant's premises was the automobile instead of a small building. The controlling fact is that the officer in neither case had a right to be on the premises.

In Simmons v. Commonwealth, 203 Ky. 621, 262 S.W. 972, an officer legally knocked on a door for the purpose of inquiring as to cause of noise somewhere in the neighborhood. The door was caused to open. Defendant was asleep and moonshine whiskey was in jars on the table. It was held that although the act was in the officer's presence, evidence so obtained as the result of this illegal search could not be introduced in a trial of defendant on the charge of unlawfully possessing intoxicating liquor.

We have concluded, therefore, that although a peace officer has a right to make an arrest without a warrant when a public offense is committed in his presence or he has reasonable grounds for believing that the person arrested has committed a felony, this right is secondary to the privileges guaranteed by Section 10 of the Constitution. If he has no right to make the search, he will not be permitted to testify as to what he found.

The commonwealth has relied on two cases in support of their theory that the arrest in the instant case was a proper arrest "in the officer's presence."

In the first case, Robinson v. Commonwealth, 207 Ky. 53, 268 S.W. 840, it was held that the carrying of a pistol in overall pockets in such manner that the officer could discern its form well enough to know that it was a pistol constituted an act done in the presence of the officer.

In Ferrell v. Commonwealth, 204 Ky. 548, 264 S.W. 1078, the sheriff, upon complaint, investigated a strange car which was standing on a road. As he approached the car, the accused opened the door and while the door was open the sheriff observed several kegs in the back seat and at the same time smelled strong odors of whiskey. It was held in such a state of case that a search warrant was not necessary, but in neither of the above cases was presented the question which is decisive of the case at bar.

We have concluded that the two searches involved in this case were illegal; the first one, because it resulted from a trespass upon the premises of appellant; the second one, because it was not shown that appellant was under lawful arrest at the time his person was searched and the concealed weapon found.

Judgment reversed.