**Harold B. STATON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1957.

Miller & Griffin, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant was fined $100 and sentenced to forty-five days in jail on a charge of selling intoxicating liquors in local option territory. He complains that all of the evidence upon which he was convicted was obtained by officers through an illegal entry upon his property. He claims that state policemen came onto his private premises without a search warrant, without a warrant of arrest, and when no offense had been previously committed in their presence. He claims that the officers were therefore trespassers and that the proof upon which he was convicted was obtained in violation of Section 10 of the Kentucky Constitution and the Fourth Amendment of the Constitution of the United States.

The place involved is an abandoned restaurant and service station known as the Pines, located about two miles east of Morehead in Rowan County, Kentucky, on U. S. Highway 60. There is a driveway completely around the house, all of which is on

the private property of accused. The policemen had been watching the place for some time. There was, in the officers' opinion too much activity for a closed place of business. Vehicles and people were coming and going at all times. There were always two or three cars there. The policemen concluded from this activity that it was a place of business. Dressed as civilians they drove to the back door, as they had seen others do, and ordered beer. One policeman testified as follows:

> "A. On October 28 about 9:30 I drove up to this place of business. I drove to the rear door. Bruce Staton came to the door. I advised him that I wanted twelve cans of 92 beer. He said that he didn't have 92. He said that he had Fall City. He brought out twelve cans of Fall City. I gave him $5.00. He came back with a $1.00 change. I placed him under arrest."

After placing the accused under arrest he searched the premises and found more beer and a large quantity of whiskey.

Appellant contends that the officers were trespassers and that evidence discovered during the wrongful entry was incompetent and inadmissible for any purpose. He cites as authority Alred v. Commonwealth, Ky., 272 S.W.2d 44. The officers in the Alred case went onto the premises of the accused without either search warrant or warrant of arrest and looked into the cab of a truck in which the accused and others were sitting. They saw moonshine and put Alred under arrest. They then searched Alred and took a concealed pistol from his person. It was there held that looking into the cab constituted an illegal search because it resulted from a wrongful entry onto Alred's premises and that the search of his person was not preceded by a lawful arrest. The case in substance held that, though the offense was committed in the presence of the officer, the arrest was unlawful because it grew from an illegal search by a trespasser in violation of the constitutional provisions heretofore cited.

The arrest in the present case is distinguished from the Alred arrest in that Staton's arrest and conviction in the present case did not arise from a search or seizure at all. Rather, it arose from a voluntary illegal sale to a customer constituting an offense committed in the presence of an officer, and for which an arrest could then and there be made under the provisions of Section 36 of the Criminal Code. In such cases one cannot shelter under the constitution unless the evidence finds its origin in an illegal search. This case may be further distinguished because in the Alred case there was no question about the officers being trespassers. Here it was obvious from the activity around the Staton place that it was a place of business open for business. The officers were customers, not trespassers, regardless of ulterior motives. The accused, an entrepreneur in his special field, apparently invited public patronage and this invitation extended to officers as well as to members of the thirsty public generally. They became invitees and their entry upon the premises was not only warranted but invited.

Staton received and treated them as invitees, making the sale without question. A wrongful act of the property owner does not operate to change the status of one who enters upon the premises lawfully. Nor is the motive of an officer material when his act is lawful. This situation is no different from that created when a bona fide customer later turns informer. Staton cannot complain of being a victim of his own wrong and his own indiscrimination.

The judgment is affirmed.