Charles Winston **WALTON**, also known as Arthur Walker, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 14, 1969.

Rehearing Denied May 23, 1969.

Stuart L. Lyon, David Kaplan, Edward T. Brady, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Charles Winston Walton appeals from a judgment entered on a verdict finding him guilty of knowingly receiving stolen property of the value of $100 or more and fixing his punishment at one year's imprisonment. KRS 433.290, 433.220.

The evidence for the Commonwealth was as follows:

James Roy Browning, an employe of Daniel Construction Company, testified that during the week-end of October 21–22, 1967, power tools worth several hundred dollars were stolen from the company's van-type trailer at a construction site in Jefferson County. On the following Wednesday Browning's assistant, John Hayton, went down town in Louisville with the county police and later returned to the construction site with the tools that had been stolen. They were readily identifiable by their serial numbers and by the initials "D. C. Co." which had been stamped on them.

David Myers, proprietor of a used furniture store in Louisville, testified that on October 23, 1967, the defendant (whom he identified in open court) drove an automobile to the front of his store, came in and asked if he wanted to buy some tools. Myers bought the tools and gave the defendant $25 for them. He listed them on a pawn shop card and caused the defendant to put his thumbprint on the card. Mrs. Myers, the witness' wife, took the license number of the defendant's car. The defendant gave his name as Arthur Walker, age 31, height 6 feet 1 inch, and weight 275 pounds. Later in the week a police detective came to the store and took possession of the tools.

Wilburn Cantrell, a Jefferson County Police Department detective, testified that he investigated the theft and learned from the Louisville Police Department that a pawn shop card from Myers Furniture Store showed a list of items similar to those which had been stolen from Daniels Construction Company. Accompanied by Hayton and a city detective he proceeded to the furniture store and examined the property in question. It bore the initials "D. C. Co." and was turned over to Hayton. Mrs. Myers gave Officer Cantrell an automobile license number, which he checked with the License Bureau and found it to have been issued to the defendant.

Charles Cornish, a fingerprint expert of the Jefferson County Police, testified that he received the pawn shop card from Officer Cantrell and that the thumbprint proved to be that of the defendant.

■ The defendant's first contention is that this evidence was not sufficient to establish the commission of a crime and, perforce, his motion for a directed verdict should have been sustained. His point is that Hayton did not testify and that the stolen tools were not introduced in evidence. Nevertheless, we think the evidence

was quite sufficient to establish the crime and convict the defendant.

■ After the Commonwealth had rested and the defendant's motion for an acquittal had been overruled the trial court said to defense counsel, "Call your first witness," to which counsel responded that the defendant would offer no testimony and then moved for a mistrial on the ground that the statement by the trial court in the hearing of the jury infringed the defendant's Fifth Amendment protection against any reference to his choice of remaining silent. Cf. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 87 S.Ct. 824 (1967). We are of the opinion, however, that a simple invitation for the defendant to proceed with his case does not amount to a comment upon or heighten the jury's awareness of his election not to testify. There was no error.

■ The last argument is that the trial court should have declared a mistrial after sustaining objections to certain remarks made by counsel for the Commonwealth in his summation. One of the objectionable comments was a reference to the defendant as a crook and another was a recommendation that he be stuck with a big sentence so that if it were written up in the newspaper some kid planning to commit a crime might be deterred. Considering the weight of the evidence and the fact that the minimum penalty was imposed, we do not see any reasonable or substantial possibility that the result would have been any different if the remarks had not been made. Hence the error, if any (and we do not say there was an error), was harmless. RCr 9.24, 9.26; Abernathy v. Commonwealth, Ky., 439 S.W.2d 949 (decided February 28, 1969); Fahy v. Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963).

The judgment is affirmed.

All concur.