Chester A. HAYES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 18, 1970.

**4**

David B. Whites, Louisa, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of carrying concealed a deadly weapon upon his person and his punishment was fixed at two years' confinement in the state penitentiary. KRS 435.230. On this appeal we consider the several grounds urged for the reversal of the conviction.

On the evening of October 5, 1967, while appellant was attending a party at the American Legion Hall in Inez, Kentucky, certain local and state law enforcement officers conducted a raid upon the Legion Hall pursuant to a valid search warrant. During the progress of the search for illicit intoxicants appellant was arrested for having a loaded pistol concealed on his person. His arrest subsequently resulted in his conviction.

It is contended that appellant's arrest was illegal hence the search of appellant's person was unreasonable (Ky.Const.Sec. 10), because, prior to his arrest, the officers did not inform him of their intention to arrest him for having a concealed deadly weapon about his person.

The pertinent evidence shows that, while the search of the Legion Hall was in progress, a deputy sheriff detected that appellant had a pistol concealed in his trouser pocket. Immediately thereafter the deputy shouted a warning to the other officers that appellant was armed. A state trooper, who also saw the imprint of the pistol that was in appellant's pocket, with the help of other officers, immediately restrained and searched him. The officers found a loaded pistol in his right trouser pocket and placed him under arrest.

In these circumstances the arrest was valid because the arresting officers were acting in an emergency and had no opportunity to inform appellant of their intentions to arrest him for the offense of carrying a concealed deadly weapon. While KRS 431.025(1) (formerly Criminal Code of Practice, Section 39) provides that "[t]he person making an arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense for which he is being arrested," nevertheless, this provision of the statute has been construed by this court as requiring only a substantial compliance, and not requiring its strict observance, where it is impractical or futile or where the officer has no reasonable opportunity to comply with it. Nickell v. Commonwealth, Ky., 285 S.W.2d 495; Arthurs v. Johnson, Ky., 280 S.W.2d 504; Sizemore v. Commonwealth, 279 Ky. 190, 130 S.W.2d 31, and Dale v. Commonwealth, 186 Ky. 510, 217 S.W. 363.

We are of the opinion that appellant's arrest was fully warranted since the imprint of the concealed pistol furnished the arresting officers knowledge that appellant was committing a criminal offense in their presence. KRS 431.005. Robinson v. Commonwealth, 207 Ky. 53, 268 S.W. 840. Therefore, we hold that there was probable cause for the arrest. Pennington v. Commonwealth, Ky., 429 S.W.2d 364. It follows that the fruit of the search was competent evidence against him.

It is next contended that appellant was entitled to a directed verdict of acquittal because the evidence did not show that the pistol was concealed. We find no merit in this contention because substantially all of the testimony was that the pistol was concealed in appellant's right

trouser pocket. The jury's determination that the pistol was concealed on appellant's person is amply supported by the evidence. The motion for a directed verdict was properly overruled.

It is further contended that the trial court erred (1) in overruling appellant's objections to the sheriff's selecting and summoning bystanders to serve on the jury and (2) in overruling appellant's challenge for cause of three of the persons who had been summoned for jury service. The challenge to the individual jurors was made pursuant to RCr 9.36 on the ground of implied bias whereby there was reason to believe that the jurors could not render a fair and impartial verdict on the evidence.

With regard to the impaneling of the trial jury the record reflects that the trial court determined that the regular petit jury panel would not supply the jurors needed for the trial of the case and ordered the sheriff to summon twenty more persons for jury service. Appellant objected to the sheriff's selecting and summoning these jurors because the sheriff had assisted in arresting appellant and was a witness for the Commonwealth at his trial. The objection was overruled.

■ We believe the procedure resorted to by the trial court was erroneous. Upon a retrial of the case the trial court will heed and be governed by RCr 9.30 in the event the regular panel of the petit jury will not furnish the jurors needed to try the case.

As concerns appellant's challenge under RCr 9.36 to three individual jurors, the record reflects that one of them, a Mrs. Smith, had discussed the case with a state patrolman; another, a Mr. Mills, was an employee of the sheriff, and the third prospective juror, a Mr. Davis, was a brother of the sheriff. The trial court rejected the challenge to these prospective jurors after they had stated on voir dire examination that they could give appellant a fair and impartial trial according to the law and evidence in the case.

The Attorney General points out that the prospective jurors Smith and Mills were later challenged peremptorily by appellant and excused from jury service. Therefore, it is argued that no prejudicial error occurred.

Appellant contends that the trial court committed reversible error in failing to sustain his challenge for cause to jurors Smith and Mills and he was prejudiced thereby because he was then compelled to use his peremptory challenges and as a consequence he had exhausted his peremptory challenges and had none left when the trial court decided that the sheriff's brother, juror Davis, was qualified to serve. Appellant further contends that he was denied a fair trial because juror Davis would give more credence to the testimony of the sheriff (his brother) than he would to the testimony of appellant and his witnesses.

Section 11 of the Kentucky Constitution guarantees to a defendant in a criminal prosecution the right to a trial by an impartial jury. To implement this right, RCr 9.36 in pertinent part provides:

"  *   *   * When there is reasonable ground to believe that a juror cannot render a fair and impartial verdict on the evidence, he shall be excused  *  *."

■ Since the sheriff participated in appellant's arrest and was a prosecuting witness in the case, we believe the trial court should have sustained appellant's challenge to Davis on the ground that he was a biased juror, notwithstanding Davis' statement on voir dire to the contrary. We conclude that there were reasonable grounds to believe that juror Davis could not render a fair and impartial verdict because of his relationship to the sheriff who was actively participating in the prosecution of the case. Our feelings about this matter are aptly expressed in United States v. Chapman, (C.A. 10), 158 F.2d 417, where it is said:

"  *   *   * Only by a punctilious regard for a suspicion of prejudice can we hope to maintain the high traditions of our jury system."

Therefore, we hold that the trial court erred in failing to hold that Davis was disqualified to serve as a juror. We find no other reversible error was properly preserved.

The judgment is reversed, with directions to set it aside and to grant appellant a new trial.

All concur.