**Glenn SHULL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Rehearing Denied Feb. 18, 1972.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

On February 13, 1965, a burglar alarm serving the Sears Roebuck store in Owensboro, Kentucky, and connected to the police station went off. In response to the alarm, two police officers started in the direction of the Sears Roebuck store. When they approached within less than one block of the store, they came upon Glenn Shull and Norman Hood coming down the street from the direction of the store. It was past midnight; the streets were empty. The officers noticed that when the suspects saw the police car they started to run (there is a dispute as to

whether both started to run or only one of them). When they ascertained the officers had them under surveillance they then attempted to walk casually as if nothing had happened. The officers stopped the two suspects and asked them to identify themselves. At this point appellant Shull kept standing between one of the officers and Hood, thereby obstructing the officer's view of Hood. The officer testified that the appellant appeared at this time to be nervous and when asked to step in front of the patrol car the headlights of the car revealed a shiny object in Hood's hands. At this point, the officer grabbed Hood's arm in anticipation that the object might be a weapon. Upon grabbing Hood's arm, the officer felt what turned out to be tire tools concealed in his sleeve. Both suspects were then placed under arrest and searched. The tools, which appellant now insists should not have been introduced in evidence, were found during the course of the search.

■ Appellant now contends that the arrest was made without probable cause and, therefore, the burglary tools found as a result of the search were not admissible in evidence. We see no reason to spend a great deal of time in analyzing the foregoing facts to determine if they constituted probable cause under which the officers could effect the arrest. Probable cause exists when the facts and circumstances within the arresting officers' knowledge or of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been committed or is being committed. Appellant cites a whole ream of federal court opinions on the subject as if the courts of this Commonwealth had not been dealing with it. We have for many years held that before an officer can effect an arrest he must have "reasonable grounds" for believing the person has committed a felony. We have held that reasonable grounds as here used mean practically the same as the

words probable cause as used in Section 10 of our Constitution, which forbids the issuing of a search warrant unless supported by an affidavit showing probable cause. Mattingly v. Commonwealth, 197 Ky. 583, 247 S.W. 938; Smallwood v. Commonwealth, 305 Ky. 520, 204 S.W.2d 945. In elaborating on the meaning of probable cause, we have held the reasonable and probable grounds that justify arrest without a warrant are such as would actuate a reasonable man acting in good faith. Commonwealth v. Riley, 192 Ky. 153, 232 S.W. 630. For a complete discussion of these matters see Brewster v. Commonwealth, Ky., 278 S.W.2d 63, p. 64. First and foremost when we consider appellant's contentions here that the facts did not constitute probable cause, we are met squarely with the proposition that the trial court found as a fact that they did. This finding was supported by competent evidence and, therefore, cannot lightly be set aside. Secondly, when we view the facts independently of and aside from the trial court's finding, we are immediately struck with the idea that not only did the officers have probable cause for arresting appellant and his companion upon the occasion, but had they not arrested them at that time the officers would probably have been considered by most fair-minded persons as derelict in their duty. For these reasons, we believe appellant's contention that there was not probable cause to effect the arrest is totally without merit. All evidence discovered in the search is accordingly admissible.

■■ Appellant next contends that the trial court in a series of rulings would not permit him to testify on the hearing to suppress evidence without subjecting himself to full cross-examination thereby depriving him of his rights under the Fifth Amendment not to be required to testify against himself. We are required to respect appellant's rights under the Fifth Amendment, as Section 11 of the Constitution of Kentucky provides that no person

shall be caused to give evidence against himself. We construe this section to be as broad, if not broader, than the rights protected by the Fifth Amendment under the Federal Constitution. So, the question before us is: Can a defendant, when testifying on a motion to suppress, be subjected to unlimited cross-examination and this evidence used as substantive evidence in the case? We believe the answer is clear that the Commonwealth can take no such advantage. If the defendant is introduced as a witness on a motion to suppress, cross-examination should be limited to those matters testified to on direct. We find ourselves in agreement with the appellant as to the law.

■ Our procedure did not make provision for a pretrial motion to suppress evidence until 1968. See Freeman v. Commonwealth, Ky., 425 S.W.2d 575. For this reason we have never had an occasion to pass upon the question concerning the extent of cross-examination of an accused when testifying in such proceeding. Appellant relies on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. We have examined that case and believe it fairly treats of the question before us insofar as it holds that, when a defendant testifies in support of a motion to suppress, his testimony may not thereafter be admitted against him at the trial on the issue of guilt unless he fails to object. We are also of the opinion that cross-examination on such occasion should be limited to and directly related to those matters testified to on direct examination. However, our construction of the facts in this case do not conform with the construction placed upon them by the appellant. As we read the facts, the trial court was striving to interpret the law just as we have outlined it. But, be that as it may, appellant's counsel took him from the stand and did not permit him to be cross-examined. For that reason, we do not now believe that he can be heard to complain that he was denied his constitutional rights. The proper procedure, where an accused is testifying on a motion to suppress, is to submit himself to cross-examination and if and when cross-examination exceeds the bounds which we have outlined he can refuse to answer the questions. At this point the court will be clearly presented the problem as to whether the question exceeds the bounds of proper examination. Since appellant did not submit himself to cross-examination, we do not believe he can now be heard to say that he was deprived of his rights under the fifth amendment or, what would be the more proper contention, under Section 11 of the Constitution of Kentucky.[1]

■ Appellant contends that the trial court erred in permitting the Commonwealth to refer to his accomplice by name and further erred in some off-hand reference to a joint enterprise and in making inquiry as to whether the appellant was going to take the stand. Without writing at length on these problems, we have examined them carefully and we find no error connected with them. In Walton v. Commonwealth, Ky., 439 S.W.2d 953, we held it was not error for the trial court to inquire in the presence of the jury if the appellant was ready to proceed and that such inquiry by the trial court did not infringe on the appellant's Fifth Amendment rights against any reference to his choice

---

1. Brief for appellant cites various sections of the federal Constitution and a long list of federal decisions on each of the points presented. All of the rights which he asserts are protected by the Constitution of Kentucky and have on numerous occasions been interpreted by the courts of this jurisdiction. A federal question is not raised in criminal prosecutions until such time as the basic state law fails to reach the standards required by federal law. This court receives very little help from briefs that cite only federal law since opinions must be prepared by the court on the basis of the law of this jurisdiction.

of remaining silent. We are of like opinion here that inquiry by the court of counsel as to whether appellant would take the stand was innocently made and did not amount to a comment on appellant's failure to testify. In Abernathy v. Commonwealth, Ky., 439 S.W.2d 949, commenting generally on this matter of exchanges by the court and counsel within earshot of the jurors, we stated:

> " * * * we cannot believe there is any substantial possibility that in consigning a man to the penitentiary twelve decent people would be influenced in the slightest degree by so trivial a circumstance."

We are of the same opinion in this case. Counsel for appellant takes exception to circumstances of no real importance in the course of a trial and magnifies them so that one is reminded of the old saw about "mole hills into mountains." We see no merit in his contentions concerning references to Norman Hood in a joint enterprise or inquiry of the court concerning whether the appellant would testify.

His final contention is that the trial court erred in allowing the indictment to be read to the jury wherein the appellant was charged as an habitual offender under KRS 431.190. Appellant contends that when evidence of previous offenses is introduced this violates the rights of the accused under the fifth and sixth amendments to the Constitution of the United States in that it allows the accused to twice be placed in jeopardy for the same offense. He insists that we should adopt the rule adopted by the state of Tennessee in Harrison v. State of Tennessee, 217 Tenn. 31, 394 S.W.2d 713 (1966). We met and disposed of all of these issues in Cole v. Commonwealth, Ky., 405 S.W.2d 753. We have not determined to depart from that rule.

Judgment affirmed.

All concur.