**Robert Wayne GOINGS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

At about 11:50 p. m. on the same day Goings also robbed Mitchell Jasper of Smith's Shell Service Station with a deadly weapon, a pistol.

Jasper positively identified Goings as the person who had robbed him.

Goings' defense was an alibi. He testified that on the day of the robberies he was at his mother's house until about 10:30 p. m.; that he and his wife then went home, watched a Perry Mason movie, and then went to bed; and that he did not leave the house after going home. His wife testified that in the morning of that day they had gone to his mother's house, then to the house of her aunt, and back to his mother's house, getting there about 8:30 p. m. or 9 p. m., and leaving between 10:30 p. m. or 11 p. m. They went home, watched the news, and then went to bed. She did not recall their watching the Perry Mason movie but did say that her husband didn't leave the house that night. His mother testified that Goings and his wife were at her home on that day from about 11:30 until about 4 p. m., and then again from about 9 p. m. until 10:30 p. m. Goings did not leave her house during this last visit.

James K. McCrorey, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Robert Wayne Goings was indicted on two counts of armed robbery. KRS 433.140. He was found guilty on both counts and sentenced to ten years on each, the terms to run concurrently.

On the night of January 25, 1971, at about 10:30 p. m., Goings robbed Mark A. Ascolose of the Rivermont Gulf Service with a deadly weapon, a pistol.

Ascolose positively identified Goings as the armed bandit who had robbed him.

The defendant's first contention is that certain evidence elicited by the Commonwealth was not only inadmissible but highly prejudicial. Upon cross-examination Goings testified that although he was a member of the Armed Forces he had been AWOL for several months (October 22, 1970) at the time of the robbery, January 24, 1971. He also testified that because of his AWOL status he was awaiting court-martial at that time.

This court is of the opinion that the admission of evidence about Goings' AWOL status was error. Bell v. Commonwealth, Ky., 404 S.W.2d 462 (1966). However, evidence showing Goings' commission of the robberies was substantial. He received the least punishment the jury was authorized to inflict. Our conclusion is that the error was not prejudicial. See Abernathy

v. Commonwealth, Ky., 439 S.W.2d 947 (1969).

 Finally, Goings argues that the trial court should have declared a mistrial because of a prejudicial closing remark of the Commonwealth regarding his right of appeal. The remark was as follows:

"Before we started the trial Mr. Gatz, Mr. Otte'and Mr. Blakemore indicated that unless the facts were violent enough that they could not impose a death penalty in this case. And I submit to you that there are no facts which would justify the imposition of a death penalty. In fact if you were to return a death verdict it would probably be overruled by the Court of Appeals."

Such remark could not be considered prejudicial to Goings, for it was in fact favorable. See Walton v. Commonwealth, Ky., 439 S.W.2d 953 (1969).

Upon a consideration of this whole case the court concludes that the errors, if any, were not prejudicial.

The judgment is affirmed.

All concur.