**Wilbur GUTHRIE, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

Rehearing Denied May 10, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Wilbur Guthrie, Jr., appeals from a judgment adjudicating him guilty of storehouse breaking. KRS 433.190. He claims that without a statement which he made to the sheriff while in jail there would not be any evidence on which to convict him. He contends that his arrest without a warrant occurred without probable cause and that the statement obtained while he was in jail was a "fruit of the poison tree." Guthrie relies on Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We affirm the judgment.

On February 1, 1973, at about 2:30 a. m., Andrew F. McKee, through a burglar alarm system, heard the voices of two men in his store which was located in a rural area east of Dayton, Kentucky, on Kentucky Highway 8. The rear door of the store had been broken and the store had been entered by unauthorized persons. Many items had been taken including some change from the cash register. Some of the merchandise was recovered from the north side of Kentucky Highway 8. Promptly upon hearing the voices McKee telephoned the sheriff, who relayed the information to the state police. A short time

later as a trooper neared the store he observed a light blue automobile, with a temporary license plate, parked on the side of the road. When he was within 150 yards of the store he saw Guthrie walking from the direction of the store toward the parked automobile. He arrested Guthrie, searched him and found some small change and a pair of gloves. The sheriff arrived about 3:00 a. m. and obtained from the trooper a description of the car which the trooper had seen parked a short time before but which had departed the area. The sheriff telephoned the Dayton Police Department and furnished the information to it and requested the arrest of the driver.

A truck driver testified that he saw a blue and white automobile proceeding in the direction of the robbed store about 1:30 a. m. on February 1, 1973, and that at about 2:30 a. m. he observed that car parked at the place where the trooper saw a parked car. The truck driver could not identify the occupants of the car, but he " * * * observed them standing beside the automobile * * *."

A Dayton police officer stated that at about 4:00 a. m. he saw the described automobile traveling on Highway 8 in a westwardly direction approaching Dayton. He stopped the vehicle, found that the sole occupant was a female, and that she had no operator's license. After arresting her he searched the auto and found a wallet containing identification cards of Guthrie and a pair of men's gloves.

A lady testified that at about midnight she saw a white automobile parked next to the store and that two men appeared to be working on the car. She could not identify the men nor describe the vehicle.

On several occasions while Guthrie was in jail the sheriff asked him what had happened to the other merchandise which was taken. The sheriff testified that Guthrie answered in words to the effect that "If I am guilty, why didn't you find the boat motor and tires on the road or in Diane Preston's car?" The sheriff stated that only the owner of the store and he knew that these items had been stolen.

In Johnson v. Commonwealth, Ky., 443 S.W.2d 20 (1969), we inadvertently indicated, at page 22, that a police officer is authorized to arrest " * * * on suspicion of the commission of a felony * * *." Suspicion alone is insufficient. KRS 431.005, which codifies the common law rule with respect to enabling a police officer to arrest without a warrant, authorizes a police officer to arrest when he has reasonable grounds to believe that the person he is about to arrest has committed a felony. Here, we have a man walking on a rural highway at approximately 2:45 a. m. on a winter night from the direction of a store which had been broken into, toward a suspiciously parked vehicle which left the scene. The trooper had received word that a felony had been committed. It is our opinion that these facts gave the officer reasonable grounds to believe Guthrie had committed a felony and to place him under arrest. Shull v. Commonwealth, Ky., 475 S.W.2d 469 (1971). The motion for a directed verdict made by Guthrie was properly denied.

Guthrie explained his presence on the highway by telling that he had been with the lady driver of the car whose husband was seen approaching, therefore, after arranging for her to pick him up later, he got out of the car for the purpose of escaping the husband. This explanation was not so conclusive as to require acceptance by any reasonable mind. Its probative value was for the jury's assessment. It was proper to submit the case to the jury, whose verdict of guilty was supported by the evidence.

The judgment is affirmed.

All concur.