## Helton v Commonwealth.

(Decided September 22, 1922.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Searches and Seizures—Search Warrant.— No search of the person, or personal baggage, or personal belongings, or seizure of articles found on such person, is author-

ized under the provisions of section 10 of our Constitution without a search warrant, unless and until the offender has first been taken into custody by a lawful arrest, and evidence obtained by such unlawful arrest is incompetent against the person so arrested in a prosecution against him.

2.  Intoxicating Liquors—Searches and Seizures—Arrest.—If, however, the unlawful thing is open and obvious so that one within a reasonable distance can readily and plainly see it, no search warrant is necessary, and the evidence thus obtained may be used against the accused. But where the whole evidence shows that the officer and his party did not know what accused had until they arrested and searched him, and that when they met him on the highway he had a package wrapped up in an apron, it is obvious that one passing appellant on the highway could not have ascertained from observation what the package contained, and therefore the evidence so obtained against him by such unlawful arrest and seizure was incompetent.

J. B. MINIARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant was indicted in the Harlan circuit court charged with the offense of unlawfully transporting intoxicating liquors and upon his trial was convicted.

The only question raised on this appeal is the competency of the evidence upon which he was convicted.

Only two witnesses were introduced for the Commonwealth and none for the defendant, and the Commonwealth's evidence shows that about Christmas, 1921, a deputy sheriff of Harlan county with two or three others was watching out for persons who might be transporting liquor; that they met appellant on the public highway and he had something tied up in an apron, whereupon he was arrested and there was found wrapped up in the apron a quart jar of whiskey and another quart jar in his pocket; that the arresting party did not know what he had until after he was arrested and searched, and none of them had a warrant for his arrest or a search warrant to authorize the search of his person, and that he had not in the presence of the deputy sheriff or any of them violated any law; that defendant protested when he was arrested and demanded of the sheriff to show his authority, but the sheriff had none, but arrested and searched him; that appellant was taken before a jus-

tice of the peace who issued a warrant against him for transporting liquor and poured the liquor out and held him to answer to the circuit court.

Section 10 of the Constitution of Kentucky provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

Under this section this court has recently, in two exhaustive opinions, held that no search of the person or personal baggage or personal belongings, or seizure of articles found on such person, is authorized by law without a search warrant, unless and until the offender has first been taken into custody by a lawful arrest, and that evidence obtained by such an unlawful arrest is incompetent against the person arrested in any prosecution against him. Youman v. Commonwealth, 189 Ky 152; Ash v. Commonwealth, 193 Ky. 452.

It was held, however, in the case of Royce v. Commonwealth, 194 Ky. 480, that where the possession of the unlawful thing is open and obvious so that anyone within reasonable distance can readily and plainly see it, no search warrant is necessary, and the evidence thus obtained may be received upon the trial of the accused. It is admitted in the brief of the Attorney General that unless the contents of the quart jar tied up in the apron may be said to have been open and obvious to the officers within a reasonable distance, and that they could have ascertained thereby that it was whiskey, they then had no right to arrest and search appellant without a warrant or a search warrant.

The evidence in the case shows without contradiction that the officer and his party did not know what appellant had until they arrested and searched him, and we take it from this that the contents of the package wrapped in the apron could not have been open and obvious to one within a reasonable distance, and that one passing appellant on the highway could not have ascertained from observation what the package contained; and likewise it is apparent from this evidence that they did not and could not have known what was in his pockets. It is perfectly clear from the evidence that the officer and his party merely arrested appellant upon their suspicion that he might have whiskey on or about his person, and there was nothing so

open or obvious to them as to authorize his arrest and search.

The rights of citizens guaranteed by our Constitution must be protected; the right of the citizen to protection against unlawful search and seizure was regarded by our forefathers in the formation of this government as one of the sacred things which must be vouchsafed to him at all times, and there is no higher duty resting upon the courts than the duty to enforce this constitutional provision and thereby uphold the sacredness of one's person and the security of one's possessions.

It takes no flight of imagination to picture what would happen if every petty officer clothed with some temporary authority might without restraint or hindrance, at his will, hold up a citizen on the highway for search, or search his home, in an ostensible effort to procure evidence against him.

It results from what we have said that the action of the deputy sheriff and his party was wholly without warrant of law, and the evidence thus found or disclosed to them was wholly incompetent against appellant.

The judgment is reversed with directions to grant appellant a new trial.