## Holbrooks v. Commonwealth.

(Decided February 6, 1923.)

### Appeal from Knott Circuit Court.

1. Intoxicating Liquors—Search and Seizure—Arrest—Evidence Held to Show Search Before Arrest.—Evidence in a prosecution for the illegal transportation of liquor held to show that accused was searched before he was placed under arrest.

2. Intoxicating Liquors—Search and Seizure—Consent.—The remark of the accused, "If I have, you prove it," made in response to a statement of the arresting officer that he then had too much liquor under his belt was not a consent that his person be searched.

3. Intoxicating Liquors—Evidence Obtained by Illegal Search Not Admissible.—In a prosecution for the illegal transportation of liquor, evidence obtained by an illegal search is not admissible.

JOHN CAUDILL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was convicted of the unlawful transportation of liquor, asks a reversal on the ground that the only evidence tending to show his guilt was obtained by an illegal search of his person.

On his direct examination, S. R. Hall testified as follows:

"I was and have been since January 1, 1922, a deputy sheriff of Knott county, Kentucky. Some time in January, 1922, I was at work at a sawmill in the head of Beaver creek when the defendant, R. H. Holbrooks, and my

boy, Willie Hall, and some others came up, rode around the upper end of the mill and stopped. I went around where they were and called to my boy and asked him where they were going. He told me that he was lending the defendant, R. H. Holbrooks, $100.00 for three months, and that he was paying him 10% interest. I told him that that was too little, that if they could not pay him $10.00 for the use of the $100.00 for three months, not to let him have it. We went back out where the other boys were, and I told the defendant, R. H. Holbrooks, that if he wanted to borrow my boy's money that he would have to pay him $10.00 for the use of it for that length of time; then Holbrooks said that he did not pay any such rates of interest, and that before he would pay his own people more than 10% he would do without the money; that by going to the bank he could borrow the money for 8%, and that just because we were his people he did not intend to let us break him up. This seemed to make Mr. Holbrooks mad, and I said to him, 'Yes, that is the way with you, you are too rich for your blood,' and I said further to him, 'If you would leave off some of this (indicating as taking a drink of liquor) you would not need the money, you would have it of your own,' and then the defendant, Holbrooks, says, 'If I do drink a little liquor, it is my own business and it does not cost you anything.' Then I said to him, 'Yes, you do drink too much and you have too much under your belt now,' and Holbrooks says, 'If I have, you prove it.' This made me mad and I walked down to him and pulled him off his horse and took a bottle out of his pocket that had something in it that looked like whiskey. I burst the bottle and it smelled like whiskey. I then told him to consider himself under arrest. I arrested him and took him before the justice of the peace, Mr. W. J. Bates, the next day; he confessed to a breach of the peace and paid a fine.''

On cross-examination Hall stated that he had no search warrant for the defendant; that he arrested him because he thought he was committing a breach of the peace in his presence; that the entire difficulty occurred between him and the defendant; that he arrested the defendant only for a breach of the peace; that he could not state whether he demanded the arrest of the defendant before he took the bottle out of his pocket or afterwards, and that he never arrested the defendant for being drunk or having liquor in his possession.

On his direct examination Pay Hall testified as follows:

"I was present at the time mentioned by the witness, S. R. Hall, and heard all the conversation between the witness, S. R. Hall, and the defendant, R. H. Holbrooks; both of them seemed to get mad and talk very short to each other and the witness, S. R. Hall, pulled the defendant, R. H. Holbrooks, off his horse and pulled a bottle out of his pocket and then demanded an arrest of the defendant, R. H. Holbrooks, and summoned some of the boys to guard him and deliver him to the magistrate, Mr. W. J. Bates, the next day, and I understand that the defendant, Holbrooks, appeared before the magistrate the next day, confessed and paid a fine on a charge of a breach of the public peace."

On his cross-examination the same witness stated that S. R. Hall seemed to be the first to get mad, that it was the latter's words that first brought on the difficulty between him and the defendant, and that S. R. Hall did not demand any arrest of the defendant until he had taken the bottle out of his pocket.

Passing the question whether the circumstances were such as to authorize appellant's arrest for a breach of the peace committed in the presence of an officer, we find that the only witness who testified positively on the subject stated that appellant was not arrested until after the liquor had been taken from his pocket. Therefore, the case is not one where the accused was searched after a lawful arrest, but one where the search was made prior to the arrest, and without a search warrant authorizing the search to be made. But it is said that appellant invited search by saying to the officer, "If I have, you prove it," in response to the officer's remark that he then had too much liquor under his belt. With this contention we cannot agree. It is apparent from the circumstances attending the remark that it was made merely in a spirit of banter, and it would be going far afield to hold that the accused thereby consented to a search of his person. As evidence obtained by an illegal search is not admissible, the trial court should have excluded such evidence from the jury and have sustained appellant's motion for a peremptory instruction.

Judgment reversed and cause remanded for a new trial consistent with this opinion.