## Adkins v. Commonwealth.

(Decided May 18, 1923.)

### Appeal from Christian Circuit Court.

1. Searches and Seizures—Testimony of Officer Held to Show Whiskey was Not Visible Until Search was Made.—Testimony by an officer who found the whiskey in defendant's possession that, after he stopped defendant's automobile and was talking to defendant, he saw a neck of a bottle, protruding out of a sack, but could not see what the bottle contained, and that he then directed another officer to get the sack, and found that the bottle contained whiskey, shows that the ability of the officers to testify as to defendant's unlawful possession was due entirely to their search of his automobile, so that such testimony was incompetent.

2. Searches and Seizures—Officer Cannot Hold up a Citizen on the Highway for Search Without a Warrant.—It is unlawful for an officer to hold up a citizen on the highway for search of his per-

son or of his portable possessions without a search warrant, or unless an offense has been committed openly in his presence.

O. H. ANDERSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Complaining of his conviction of unlawfully having intoxicating liquors in possession, appellant urges that the evidence of his guilt was unlawfully obtained, and therefore incompetent.

Appellant was accosted by a policeman of Hopkinsville, as he drove into the corporate limits; he stopped, and the officer approached his automobile. The latter testified that while talking to appellant, he saw the neck of a bottle protruding out of a sack in the bottom of the machine; that he could not see what the bottle contained; that he directed another policeman to get the sack, which he did; that they took the bottle out of the sack and examined its contents, and thus learned that the bottle contained moonshine whiskey.

It is insisted for the Commonwealth that the facts are substantially the same as in Commonwealth v. Warner, etc., decided April 27, 1923, and that upon authority of that case, and also Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795, the evidence against the defendant here was admissible.

Both of these cases hold that where the thing unlawfully possessed can be seen readily and plainly by any one within reasonable distance, no search warrant is necessary, and evidence so obtained is admissible. But the facts here are very different on the crucial point. In the above cases, the whiskey itself was visible without a search, while here only a search disclosed its presence. The evidence of the officers makes it perfectly plain that their ability to testify to appellant's unlawful possession of liquor was due entirely to their search of his automobile, conducted without a warrant, and when, unless disclosed by such search, he was guilty of no offense.

We recently have held in a number of cases, that it is unlawful for an officer to hold up a citizen on the highway for search of his person or his portable possessions without a search warrant, or unless an offense has been

committed openly in his presence, and that evidence so obtained is not competent to sustain an offense only thus disclosed. Helton v. Commonwealth, 195 Ky. 678, 243 S. W. 918; Holbrooks v. Commonwealth, 197 Ky. 568, 247 S. W. 751.

That such is the case now before us, we regard as obvious and that, too, based solely upon what happened after appellant was halted, and without reference to the purpose that actuated the officer in halting him, which we have not deemed necessary to consider.

It therefore results the trial court erred in admitting this, the only evidence of defendant's guilt as charged, and that the judgment must be reversed for proceedings consistent herewith.