## Marsh v. Commonwealth.

(Decided Sept. 28, 1934.)

E. BERTRAM for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

The appellant, Ozro Marsh, charged with the unlawful possession of intoxicating liquor, was convicted and his punishment fixed at a fine of $300 and sixty days' imprisonment in jail.

He seeks a reversal of the judgment on the ground that the evidence upon which he was convicted was obtained by an illegal search. The commonwealth introduced two witnesses, Shell Green, marshal of the city of Monticello, and James Castillo, a deputy sheriff. Their testimony as contained in the transcript is in narrative form and that of the witness Green is as follows:

"During the winter and spring of 1933 I was marshal of the City of Monticello, Kentucky. Some time in May I think I received notice that there was some disturbance over on the hill and I asked James Castillo, a deputy sheriff, to go over there with me. After we had turned off on the road leading to the hill we found two fellows with a car and

they were drunk. We stopped our car and arrested them and while we were there with them we saw the lights of a car coming down the mountain and heard some shooting over there. While we were there at the same place the car drove up to where we were and stopped some ten or fifteen steps from us. I went to the car and the defendant was in the car by himself. I asked him if he did the shooting we heard and he said 'No.' He was sober. I asked him what he had in the car and he held up a pistol and told me that was all he had in the car. I think he picked the pistol up from the seat. I put my foot on the running board of the car and smelled the odor of liquor in the car. I then went to the back end of the car and raised up the cover and saw a pair of saddle bags in the back end of the car which was a roadster. I took the saddle bags out and opened them and found a half gallon fruit jar full of white whisky in them. I then went back to the front end of the car and arrested the defendant for having liquor in possession. I did not have any warrant for the arrest of the defendant and he had not done anything in my presence. It was in the night time about 8 or 9 o'clock I guess.''

Castillo's testimony was substantially to the same effect.

A search of the automobile was made without the consent of the appellant and on mere suspicion. No offense was committed in the presence of the officer and appellant was not arrested until after the search had been made and the liquor discovered. It is doubtful that the information that the officer claims he had would have been sufficient to furnish probable cause for the issuance of a search warrant but certainly, under the circumstances, the officer was not authorized to search the automobile without a search warrant.

We have consistently held that it is unlawful for an officer to hold up a citizen on the highway for search of his person, or his portable possessions, without a search warrant or unless an offense has been committed in the officer's presence. Adkins v. Commonwealth, 202 Ky. 86, 259 S. W. 32; Helton v. Commonwealth, 195 Ky. 678, 243 S. W. 918; Ash v. Commonwealth, 193 Ky. 452, 236 S. W. 1032; Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303.

The Attorney General frankly concedes that the evidence was inadmissible and that appellant's motion for a peremptory instruction should have been sustained, and in that view we concur.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.