## Congleton v. Commonwealth.

(Decided April 19, 1938.)

JOHN S. FULLERTON for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

The grand jury of Boyd county returned an indictment against Jessie Lee Congleton, charging him with the crime of stealing cigarettes from the C. & O. Railway Company, a common carrier, while in the course of transportation and also charging him with two former convictions of felony. The jury found him guilty as charged in the indictment and under what is known as the Habitual Criminal Law, Kentucky Statutes, sec. 1130, fixed his punishment at confinement in the penitentiary for life and he is appealing. He admitted the former convictions charged in the indictment.

The grounds argued for reversal are, in substance: (1) That the court over objections of appellant admitted incompetent evidence; (2) that the jury should have been peremptorily instructed to find him not guilty at the close of all the evidence.

The evidence complained of is that of S. A. Stebaskey, who was a special officer of the C. & O. Railway Company. As appears from the evidence of this officer, employees of the railroad company had been missing articles of freight and on September 24, 1937, he was detailed to watch cars which were being loaded or unloaded while the employees were away at lunch. He observed appellant coming into view from two cars containing merchandise, one of which was being loaded or unloaded; that he saw a bulge indicating that appellant had something hidden in his shirt; and that he was trying to button or fasten it. He followed, overtaking him some distance away and asked him what he had in his shirt; that appellant finally answered that he had some cigarettes which he had bought and then started in the opposite direction; that he jumped out of his car, caught up with appellant and while talking to him smelled a strong odor of liquor and judged that he was partially intoxicated; that appellant started cursing him and that he placed him under arrest, taking him to the passenger station to see another special agent of the company; that when he arrived there the other officer removed five cartons of Avalon cigarettes from appellant's shirt. He was instructed to go back to the car

and make an investigation and it was learned that a case of Avalon cigarettes had been broken open and seven cartons taken therefrom and the case had been placed under a platform near one of the cars. Another witness stated that he saw appellant near the cars a few minutes before he was arrested. Appellant testified that he bought five cartons of cigarettes from a man by the name of Barker, paying $2.50 a carton, and that he borrowed the money from Ted DeBord to pay for them. It appears that appellant worked for DeBord and the latter testified that he often lent him money ranging from 50 cents to 1.50, but he could not recall whether he lent him any money on the day he was arrested.

We assume from the evidence and since no question is raised about the matter that S. A. Stebaskey was a duly appointed, qualified, and acting railroad policeman under the provisions of section 779a-1 et seq., Kentucky Statutes, although it is not definitely so stated. At the close of Stebaskey's evidence counsel for appellant moved to strike the evidence with reference to finding the cigarettes on appellant and to instruct the jury not to consider it. The motion was overruled and exceptions saved. The argument in substance is that this evidence should have been excluded because it was discovered by illegal search of appellant's person and therefore there was no legal evidence to sustain a conviction and appellant's motion for a peremptory instruction finding him not guilty should have been sustained. Adkins v. Commonwealth, 202 Ky. 86, 259 S. W. 32; Marsh v. Commonwealth, 255 Ky. 484, 74 S. W. (2d) 943; Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, are cited. In the first two cases it is held in effect that it is unlawful for an officer to hold up and search a citizen on a highway without a search warrant or unless a public offense has been committed in the presence of the officer; but as pointed out in the Youman Case a peace officer under the provisions of section 36 of our Criminal Code of Practice may arrest a person in obedience to a warrant of arrest or without a warrant when a public offense is committed in the presence of the officer or when he has reasonable grounds for believing that the person arrested has committed a felony. And under section 37 of the Criminal Code of Practice a private citizen may make an arrest when he has reasonable

grounds for believing that the person arrested has committed a felony. But it is further held in the Youman Case that the person of one lawfully arrested and taken into custody by an officer may be searched and any property so found connected with the offense may be used in evidence.

In Ballou v. Commonwealth, 195 Ky. 722, 243 S. W. 922, the Youman Case was followed and it was held that when an officer makes a lawful arrest of any one with or without a warrant he may search the person of the arrested party for any weapon or other thing that might enable the prisoner to escape and information so obtained by the officer is competent evidence for whatever it might prove. Those cases have been so consistently recognized and followed as to render further citation unnecessary.

Under the evidence, it is apparent that officer Stebaskey had reasonable grounds for believing that appellant had committed a felony in appropriating to his own use property in the possession of a common carrier for transportation, if in fact he had not also committed a public offense in the presence of an officer. It follows that the search made after appellant was lawfully arrested and taken into custody was not illegal and the court did not err in admitting evidence as to what was revealed by the search. With that evidence properly admitted, the evidence on a whole was sufficient to take the case to the jury and to sustain the verdict.

Wherefore since the former convictions were admitted, the judgment must be and is affirmed.