## Settles v. Commonwealth.

May 21, 1943.

Hector Johnson for appellant.

Hubert Meredith, Attorney General, and Frank A Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

The grand jury of the Jackson Circuit Court returned an indictment against appellant, Arthur Settles, charging him with unlawfully transporting intoxicating malt beer in Jackson County, where the local option law was in force, for other than sacramental, medicinal, scientific or mechanical purposes. Upon a trial he was convicted and his punishment fixed at a fine of $100 and

imprisonment in the county jail for thirty days. He moves this court for an appeal and asks that the judgment be reversed on two grounds: (a) The court erred in overruling his motion for a directed verdict at the conclusion of the Commonwealth's evidence; (b) incompetent evidence was admitted against him.

It will be noted that the indictment does not charge a public offense. Section 2554c-18, KS (now KRS 242.230), provides that it shall be unlawful for any person in dry territory to "sell, barter, loan, give, procure for or furnish another, or keep or transport *for sale* [our italics], barter or loan, directly or indirectly, any alcoholic beverage." For the indictment to have charged appellant with a public offense it must have averred that he transported this 'beer for sale, loan or barter in dry territory. One may keep or transport intoxicating liquor for personal use in local option territory without violating the statute. Baker v. Com., 284 Ky. 92, 143 S. W. (2d) 842. It is true appellant did not demur to the indictment, but where no public offense is charged, the sufficiency of the indictment is raised by a motion of the accused for a directed verdict at the conclusion of the Commonwealth's evidence, Baker v. Com., supra; Howard v. Com., 285 Ky. 486, 148 S. W. (2d) 336; Rowe v. Com., 283 Ky. 367, 141 S. W. (2d) 284.

The incompetent evidence complained of was that given by C. D. Smith, Sheriff of Jackson County, and his deputy, John D. Robinson, to the effect that at night while attempting to apprehend and arrest two deserters from the army they saw appellant drive to the edge of the highway in his covered truck and park it near a church. The officers had no search warrant but knew appellant's reputation was that of one who illegally sold liquor. Upon approaching the truck to ascertain if the persons sought were in the vehicle, they flashed their flashlights into the truck. The wanted men were not in the truck but they saw therein a cardboard box which excited their suspicion as it had a beer label thereon. Without appellant's consent they took possession of the box, opened it and found it contained 15 pints of beer.

Under Sec. 10 of our Constitution as construed in Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, the testimony of the officers as to what they found in appellant's truck was incompetent as the search was made without a search warrant and without his consent.

We have many times written that Sec. 10 protects a citizen from an officer searching his person, car, truck or portable possessions on the highway without a search warrant unless an offence has been committed in the officer's presence, and that the evidence obtained by such an unlawful search is not competent to sustain a conviction. Marsh v. Com., 255 Ky. 484, 74 S. W. (2d) 943; Adkins v. Com., 202 Ky. 86, 259 S. W. 32; Helton v. Com., 195 Ky. 678, 243 S. W. 918.

The learned assistant attorney general who briefed the case for the Commonwealth concedes with commendable frankness that the indictment was fatally defective and appellant's motion for a directed verdict should have been sustained; also, that the evidence obtained by the illegal search was erroneously admitted.

The motion for an appeal is sustained, the appeal granted and the judgment is reversed with directions to grant appellant a new trial consistent with this opinion.