**James Tilman DARDEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

———◆———

Charles J. Lunderman, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Albert G. Rhea, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

James Tilman Darden was jointly indicted with Cornelius Thomas for armed robbery. Upon a separate trial, Darden, the appellant, was convicted of aiding and abetting in the commission of the offense. He received a life sentence.

The appellant was arrested without a warrant. The sole question on appeal is whether the arresting officer had reasonable grounds for believing that appellant had committed a felony at the time of the arrest.

About 9 p. m. on January 20, 1956, two men robbed the Kyne Liquor Store in Louisville. The interior of the store was well lighted. As the robbers entered, George M. Bowers, the clerk, walked be-

hind the counter. The robber afterwards identified as appellant walked up and reached over the gum container. His companion, later identified as Thomas, came around the end of the counter and drew a gun on Bowers. Under direction from Thomas, Bowers opened the cash register, from which Thomas took about $60.00. Thomas then handed Darden several bottles of liquor taken from the shelves behind him. Meanwhile, Darden was standing about four feet from, and directly in front of, Bowers. He kept saying to Thomas, "Go on, blast him. Blast him." Bowers estimated the time the two men were in the store to be five minutes, although he said it seemed to be an hour.

The clerk described the men to Officer Cassin, who investigated the robbery. Both robbers were Negroes. The man later identified as Darden was described as approximately 5 feet, 11 inches in height, 160 to 170 pounds in weight, and dark in color. He was wearing Army fatigue cap and pants, with a jacket which appeared to be brown leather. When asked if he noticed anything unusual about him, Bowers said, "At the time, and I was looking straight at him, just straight in his face, that's the only thing I had to do, and at that time I noticed that his lips were I would call nervous. They moved quite frequently."

Thomas was described as 6 feet, 2 or 3 inches in height, 180 to 190 pounds in weight, athletic in type, and with light colored skin. He was wearing a pair of ear muffs and a cloth jacket, light in color.

Eight days later, on January 28, 1956, one Sylvester Thomas and others were arrested and brought to police headquarters. Officer Cassin learned from Sylvester that he was a brother of Cornelius and that they rode to work together in Sylvester's car. A pair of ear muffs was found in his car when Sylvester was arrested. They were subsequently identified by Bowers as having been worn by Cornelius at the robbery.

That evening, Officer Cassin, accompanied by another officer, went to the address where the mother of Sylvester and Cornelius lived. The mother told them that Cornelius had gone to Fort Hill for a haircut. When the officers did not find him there, they returned to the original address and waited across the street.

About 7 p. m., Cornelius and appellant alighted from a car and started to enter the building where the mother lived. The officers recognized them from the descriptions given. Appellant had on a dark leather jacket and dark trousers. The officers took the two to headquarters, where they were questioned. About 10 p. m., Bowers identified both appellant and Cornelius Thomas in a line-up of seven men. Prior to entering the line-up, the clothing on the suspects had been changed.

Appellant contends that the arrest was not justified because the descriptions were too general and the information was insufficient to afford the police officer reasonable grounds for believing that the men arrested had committed a felony.

It should be noted that there is no question of reasonable grounds for believing that the felony was committed. The only question is one of the identification of the individuals involved.

 The reasonable grounds required to justify an officer in making an arrest under Criminal Code of Practice Section 36 (2) are such as would actuate a reasonable man to act in good faith. The necessary elements are that the officer acts upon a belief in the person's guilt, based either upon facts or circumstances within the officer's own knowledge or upon information imparted to him by reliable and credible third persons, provided there are no circumstances known to the officer sufficient to impeach materially the information received. Turner v. Commonwealth, 191 Ky. 825, 231 S.W. 519; Commonwealth v. Riley, 192 Ky. 153, 232 S.W. 630; Congleton v. Commonwealth, 273 Ky. 282, 116 S.W.2d 300; Risby v. Commonwealth, Ky., 284 S.W.2d 686. Such "reasonable grounds" has been held to mean the same as "probable cause" and does not mean prima facie evidence of guilt. Brewster v. Commonwealth, Ky., 278 S.W.2d 63.

The physical descriptions of the two men arrested fitted those given the officer by the victim. Part of the clothing worn at the time of the arrest appeared to be the same as was worn at the time of the robbery. The ear muffs found in Sylvester Thomas' car and his relation to Cornelius led to the discovery of the two robbers. Appellant and Cornelius Thomas were together at the time of the arrest. These and other attendant circumstances in this case justified the arrest of the appellant.

Judgment affirmed.