Cecil Ray "Tommy" McHONE a/k/a
Tommy McHone, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1978.

Discretionary Review Denied Feb.
20, 1979.

Nichols W. Williams, Williams & Tucker, Berea, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and HAYES and HOWARD, JJ.

HOWARD, Judge.

Appellant, Tommy McHone, was convicted of transporting alcoholic beverages in local option territory (fourth offense) and sentenced to one year in prison. He appeals, contending that he was entitled to a directed verdict of acquittal since the evidence needed to sustain his conviction (namely, the alcoholic beverages) was obtained as the result of an illegal search. We agree.

Trooper Arnold Weddington testified that he saw the appellant, who was driving a 1970 Pontiac, leave the parking lot of the T & R Liquor store in Richmond, Kentucky, at about 10:30 P.M. Weddington observed that the car seemed to be loaded and was sitting low in the rear. He had not observed the car being loaded, so he did not know what was in the trunk of car. However, Weddington knew of appellant's reputation as a bootlegger and surmised that appellant was transporting alcoholic beverages. Because he was unable to follow the appellant himself, Weddington called another police unit, and relayed his observations concerning appellant and his car.

Trooper Ernie Boggs received Weddington's information. Boggs also knew of appellant's reputation as a bootlegger. Boggs was parked at a service station in Berea; he observed the appellant, in the Pontiac, drive by. Boggs recognized both the appellant and the car, and also noted that the car was sitting very low in the back.

Boggs stopped appellant's car and asked appellant for his driver's license. When appellant was unable to produce one, Boggs placed the appellant under arrest on the *misdemeanor* charge of operating an automobile without an operator's license. The appellant was placed in the police cruiser. Boggs bent down and looked under the car seat of appellant's car, where he saw an already opened half-pint of vodka. He then took the keys from appellant's ignition and opened the trunk. In the trunk were 15 cases of beer and 24 one-half pints of whiskey.

■ The Commonwealth attempts to argue that the totality of information and observations about appellant and his car justified the search of the trunk of appellant's car, and therefore justified appellant's conviction. Appellant cites *Howard v. Commonwealth*, Ky.App., 558 S.W.2d 643 (1977), in support of his contention that the beer and whiskey were the fruits of an illegal search, since there was no probable cause for stopping appellant's car.

In *Howard, supra*, a trooper recognized the defendant, and the car he was driving, as being the same he had previously stopped for illegally transporting alcoholic beverages. Merely because of that previous knowledge, the trooper stopped the defendant's car and checked his operator's license. The trunk of the defendant's car was searched and five cases of beer were found. This Court held that the arresting officer had no probable cause for stopping the defendant, since "[n]either suspicion nor bad reputation, standing alone, will warrant a conviction." *Howard, supra*, at page 645.

In the instant case, Boggs knew that appellant had been previously driving without a proper license, and we will assume Trooper Boggs had a reasonable purpose in stopping appellant because of that knowledge. The rule has been adhered to in this Commonwealth that an arrest for a minor traffic violation does not justify a complete search of a vehicle. *Commonwealth v. Hagan*, Ky., 464 S.W.2d 261 (1971). See *City of Danville v. Dawson*, Ky., 528 S.W.2d 687 (1975), wherein it was held that an arrest for driving while under the influence of intoxicating beverages does not justify a search of the trunk of the car under either the "plain view" doctrine or "reasonableness" test.

The Commonwealth attempts to argue that the one-half pint of vodka found by Boggs falls within the "plain view" doctrine, thus further strengthening its contention that the search of appellant's trunk was lawful.

In *Clark v. Commonwealth*, Ky., 388 S.W.2d 622, 624 (1965), a case and some cans of beer sitting on the floor of a car, where the back seat had been removed, were held to be in "plain view" of a policeman who had stopped the defendant and walked up to the car in order to check his operator's license. In *Adkins v. Commonwealth*, 202 Ky. 86, 259 S.W. 32 (1923), and in *Nichols v. Commonwealth*, Ky., 408 S.W.2d 189 (1966), evidence contained in sacks (respectively, liquor and marijuana) was excluded as not being in "plain view" since the officers had to open the sacks to determine the contents.

We think that when Boggs bent over to look under the car seat, that action more closely approached the *Adkins, supra*, and *Nichols, supra*, situations, since the one-half pint of vodka was not ". . . clearly visible, open and obvious to anyone who even casually observes." *Nichols, supra*, at page 192.

■ The Commonwealth sets forth exigent circumstances so as to justify the search of appellant's car without obtaining a warrant. The Commonwealth contends that the car could readily be moved if the officer left the scene. It should be noted again that the appellant was arrested for driving without a license, making him incapable of further driving. And appellant's

companions in the car were apparently small children. Furthermore, the existence of exigent circumstances is only an exception to the requirement of obtaining a warrant. Even if exigent circumstances had been present here, that would not have justified the search, as there was no probable cause to support it.

In *City of Danville v. Dawson, supra,* at page 691, the Court recognizes that it may be reasonably necessary to impound and store a vehicle, or leave it unattended, after a person's arrest, and that the police officers may therefore close and lock the car. Whatever the officers observe in plain view may be used as evidence. However, absent a warrant or special circumstances, which we do not believe are applicable in the instant case, the opening of the trunk of said car constitutes an illegal search.

Since the beer and whiskey found in the trunk of the appellant's car were found as the result of an illegal search, appellant's motion for directed verdict of acquittal should have been sustained. *Howard, supra.*

The judgment of the trial court is reversed.

All concur.