**David RAWLINGS, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

May 1, 1979.

Ronald R. Parry, Harry P. Hellings, Jr., Jolly, Johnson, Blau & Parry, Newport, Kelly D. Thompson, Jr., Bowling Green, for movant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENSON, Justice.

David Rawlings was convicted of the possession of controlled substances for the purpose of sale, KRS 218A.990, and sentenced to a term of five years' imprisonment in the penitentiary. The Court of Appeals, February 17, 1978, affirmed. We granted discretionary review and affirm.

Police officers with a warrant for the arrest of a Lawrence Marquess forcibly entered his residence. Five individuals, including the movant David Rawlings, were found in the living room of the residence. During the course of the search of the residence for Marquess, the officers noted the odor of marijuana and in another room observed marijuana seeds on a mantel. The officers then determined that a search warrant was indicated, and one or two of the officers left to procure a search warrant. During the period of forty-five minutes wait for the two officers to obtain the search warrant, the five individuals, including Rawlings, were detained in the living room and were informed by the officers that they could not leave the room unless they consented to a search of their person; two of the individuals were permitted to leave after submitting to a search. After the indicated lapse of time, the officers

returned with a search warrant, authorizing a search of the premises. There was no authority for the search of individuals on the premises.

One of the individuals remaining in the living room, a Vanessa Cox, was seated on a couch with her purse lying on the couch between her and Rawlings. The officers ordered Vanessa Cox to stand and empty her purse on the table. The purse was emptied of a large amount of controlled substances, and Vanessa Cox informed the officers that the drugs belonged to Rawlings. Rawlings admitted to the officers that he was the owner of the drugs. Rawlings, prior to the arrival of the police officers, had placed the drugs in the purse belonging to Vanessa Cox.

From our review of the record, when the officers returned with the search warrant for the premises, they decided to search all the individuals. While the purse belonging to Vanessa Cox was being emptied, Rawlings was asked to stand. Then came the admission as to being the owner of the drugs. Thereupon Rawlings' person was searched. The search yielded a wad of bills, in the amount of $4,500, and a knife in a sheath. Rawlings was then placed under arrest. The exact sequence of events here is not clear from the record.

At a pretrial suppression hearing, the trial court ruled that the drugs and money were admissible into evidence. During the course of the trial, both the drugs and the money were the subject of testimony and both were introduced as exhibits.

The concept of "standing," to raise a Fourth Amendment violation argument with respect to the drugs in the purse, occupies a great deal of the argument by both Rawlings and the Commonwealth. The trial court determined that Rawlings did not have "standing." The Court of Appeals, after a lengthy analysis of case law, determined that Rawlings did have "standing" but decided that the search of the purse was not invalid and affirmed the judgment of the trial court.

■ The central issue in this case is the warrantless search of Vanessa Cox's purse.

In resolving this issue, we are confronted with the proposition of "standing" on the part of Rawlings to raise the Fourth Amendment issue and the ultimate issue— the merits of the Fourth Amendment argument. "Standing" is a largely theoretical concept. Learned texts on the subject abound. The United States Supreme Court has written many times and at length on the subject. It is almost impossible to separate the concept of "standing" and the principles of law on the merits. The concept of "standing" is theoretically separate from a defendant's rights under the Fourth Amendment but is so interwoven that discussion of one overlaps the other. All in all we confess that we find the concept of "standing" totally incomprehensible and, to the extent of overlap with Fourth Amendment rights, equally incapable of understanding. So in approaching the central issue in this case, we prefer to speak in terms of substantive right under the Fourth Amendment. We have considered *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *U. S. v. Johnson*, 154 U.S.App. D.C. 393, 475 F.2d 977 (1972); and *Sumrall v. United States*, 382 F.2d 651 (10th Cir. 1967). We are of the opinion the evidence obtained by the search of Vanessa Cox's purse was properly admitted at trial. We feel that Rawlings probably does not have standing to raise the issue here. Jones apparently would confer standing on the theory that possession of the drugs both convicts and confers standing since the offense here is possession, admitting ownership is admitting guilt. Here the defendant did not find himself in that dilemma, he admitted ownership of the drugs when they appeared from the purse and Vanessa Cox stated the drugs belonged to him. Further, *Simmons* established that evidence to show standing is not admissible, over objection, on the issue of guilt. We are not sure of the effect of *Rakas* although it seems to

reject the theory of *Jones* on "standing." We are of the opinion that the search of Vanessa Cox's purse did not violate Rawlings' legitimate or reasonable expectation of freedom from governmental intrusion.

For what it is worth, Rawlings testified at the suppression hearing that when he placed the drugs in Vanessa Cox's purse, he did not expect or feel that the purse would be free from the intrusion of the officers. There is the factor of the risk that Vanessa Cox might consent to a search of her purse together with the always present possibility of inadvertent exposure of the drugs. Considering the totality of the circumstances, we are of the opinion the search did not violate Rawlings' legitimate or reasonable expectations of freedom from governmental intrusion into the purse and that Rawlings has not made a sufficient showing that his legitimate or reasonable expectations of privacy were violated.

■ The money found on Rawlings' person was admitted into evidence at trial, the knife was not. This search was not explored in detail at the suppression hearing, other than a denial of the motion to suppress. This issue does not involve such complicated principles as the search of the purse, and we prefer to validate this search on the theory of a search incident to a valid arrest. In arriving at this conclusion, we disregard as irrelevant the detention during the period in which the officers were procuring a search warrant. As we have said, the sequence of the search of the purse and Rawlings' admission of ownership of the drugs is not clearly established in the record. Clearly, after Rawlings admitted ownership of the drugs, the officers were entitled to arrest and search the person, or search and then arrest. *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973).

The opinion of the Court of Appeals is affirmed.

All concur except LUKOWSKY, J., who dissents.

LUKOWSKY, Justice, dissenting.

The majority opinion holds that the search of Cox's purse did not violate "Rawlings' legitimate or reasonable expectation of freedom from governmental intrusion" under the Fourth Amendment even though the items seized belonged to Rawlings and had been placed in Cox's purse with her consent for safekeeping.[1] I am compelled to dissent for two reasons.

I

The searches and seizures which occurred were the fruits of unlawful arrests and should be suppressed. *Wong Sun v. United States*, 371 U.S. 481, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). After lawfully entering the premises to arrest Marquess the police officers decided that they had probable cause to obtain a warrant to search the premises for marijuana. While some of the police officers went to obtain the search warrant, the remaining police officers would not allow those present to leave the room or the premises unless they would submit to a search. This constituted an arrest because it significantly deprived those individuals of their freedom of action. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). It was not an investigatory stop but an arrest because the detention here went well beyond the bounds of permissible investigatory stops. See, e. g., *United States v. McCaleb*, 6th C.A., 552 F.2d 717, 720 (1977); *Manning v. Jarnigan*, 6th C.A., 501 F.2d 408, 410–411 (1974). See also *Dunaway v. New York*, —— U.S. ——, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979).

The arrest of Rawlings and the other people present at 1264 Adams Street was unlawful because no misdemeanor had been committed in the presence of the police

1. Although not articulated in the majority opinion it must be assumed from its tenor that if Cox had been challenging the validity of the search instead of Rawlings the court would have held the search to be unreasonable under the Fourth Amendment and ordered the evidence suppressed. *United States v. Micheli*, C.A. 1st, 487 F.2d 429 (1973); *United States v. Hooper*, E.D.Tenn., 320 F.Supp. 507 (1969); *Parker v. State*, 177 Tenn. 380, 150 S.W.2d 725 (1941).

officers.[2] KRS 431.005. The facts that the police officers smelled the odor of burnt marijuana and inadvertently discovered a few marijuana seeds in "plain view" in Marquess' room created probable cause for the police officers to obtain a search warrant for the premises, but did not establish that a misdemeanor was being committed in their presence by any of the individuals on the premises.[3] See, e. g., *Marsh v. Commonwealth*, 255 Ky. 484, 74 S.W.2d 943 (1934). The odor of burnt marijuana is merely evidence that marijuana has been smoked on the premises at sometime in the past.[4] It does not establish that marijuana is present on the premises at the time the odor is detected. Only the odor of either unburned marijuana or burning marijuana would indicate the actual presence of marijuana on the premises. The presence of the seeds in Marquess' room did not create probable cause to believe that any of the individuals in the living room possessed marijuana even with the presence of the odor of burnt marijuana. See, e. g., *People v. Hilber*, 403 Mich. 312, 269 N.W.2d 159 (1978); *State v. Schoendaller*, Mont., 578 P.2d 730 (1978). The possession of the odor of burnt marijuana is not an offense in this Commonwealth hence no misdemeanor was committed in the presence of the police officers.

But for the unlawful detention of Rawlings and the others present in the house, the police would not have discovered any evidence against Rawlings. All evidence discovered was a result of this unlawful detention and should be suppressed as "fruit of the poisonous tree." *Wong Sun v.*

*United States, supra*; *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Dunaway v. New York, supra.*

## II

Even if Rawlings and the others present had not been arrested by the police when they detained them for forty-five minutes, the search of Cox's purse was unlawful because the search was beyond the perimeter of the search warrant and consequently unreasonable under the Fourth Amendment.[5] The real issue here is whether Rawlings should be permitted to raise the clear violation of Cox's Fourth Amendment rights as a violation of his own on the basis that he owned the property seized and the offense charged is the possession of that property.[6]

The majority opinion concludes "that Rawlings *probably* does not have standing to raise the issue . . ." of the illegality of the search of Cox's purse. (Emphasis added). This conclusion is apparently based on *Rakas v. Illinois*, —— U.S. ——, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

*Rakas* is substantially different from the instant case. It involved a non-possessory offense and the articles seized were not owned by or in the possession of the defendants. Id. —— U.S. at —— n.1, 99 S.Ct. at 423 n.1, 58 L.Ed.2d at 393 n.1. *Rakas* reformulated the test for standing to contest the legality of a search. It held that standing and the substantive Fourth Amendment question of whether a reasonable expectation of privacy exists are the same. That is

---

2. The first offense of possession of marijuana for sale is a misdemeanor. KRS 218A.990(4). There is nothing in the record to indicate that any of the individuals present had been previously convicted of this offense so as to provide the police officers with reasonable grounds to believe a felony had been committed by anyone.

3. The possession of marijuana for personal use is a misdemeanor. KRS 218A.990(7).

4. The Commonwealth's evidence established that it had been at least twenty-four hours since marijuana had been smoked on the premises.

5. Supra note 1.

6. Because of the limitations imposed on federal review of Fourth Amendment issues by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), I am disturbed that my colleagues are willing to affirm a conviction which rests upon allegedly illegally obtained evidence when they confess in the majority opinion that they find the concepts of law involved to be "totally incomprehensible." *Collins v. Commonwealth*, Ky., 574 S.W.2d 296, 298 n.1 (1978) (Lukowsky, J., dissenting).

to say, if there is standing there is a legitimate expectation of privacy and vice versa. However, it left undisturbed the automatic standing rule articulated in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), for possessory offenses. I do not read *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), as undermining this rule but as a reaffirmation of it.[7] *Rakas v. Illinois*, —— U.S. ——, —— n.6, 99 S.Ct. 421, 439 n.6, 58 L.Ed.2d 387, 412 n.6 (1978) (White, J., dissenting); See *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).

Rawlings is charged with a possessory offense and the Commonwealth should not be heard to say that his possession of these drugs is sufficient to support his conviction but insufficient to support a reasonable expectation of privacy when they are concealed in the purse of a companion. He was entitled to expect that governmental officials would intrude into the purse only with consent or by complying with the Fourth Amendment. *Rakas v. Illinois*, —— U.S. ——, ——, 99 S.Ct. 421, 441, 58 L.Ed.2d 387, 414 (1978) (White, J., dissenting). *Jones v. United States*, supra, recognizes his standing to raise the illegality of the search and seizure of the evidence from Cox's purse. *Rakas v. Illinois*, —— U.S. ——, —— n.4, 99 S.Ct. 421, 426 n.4, 58 L.Ed.2d 387, 396 n.4 (1978). Because the search of Cox's purse was an unreasonable search and seizure its results should be suppressed. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Further, the search of Rawlings' person was unlawful because it was not incident to a valid arrest. The "second" arrest upon which the search was based was itself unlawful because it was based upon the fruits of the illegal search for and seizure of the drugs in Cox's purse.

I would reverse the judgment and remand the case to the circuit court for a new trial with directions to suppress the evidence discovered by the unlawful searches.

---

7. *Simmons v. United States* holds that when possession of the seized evidence is in itself an essential element of the offense with which the defendant is charged the prosecution is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence.