RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1146-MR

LLOYD BLACKMAN                                                    APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 18-CR-00189

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Lloyd Blackman (Blackman), *pro se*, appeals the trial court's denial of his motion for a new trial pursuant to RCr[1] 11.42.  In the motion, Blackman alleged that his trial counsel was ineffective.  He presented several instances of alleged ineffectiveness as grounds for relief.  Having reviewed the record and the briefs of the parties, we affirm the trial court.

---

[1] Kentucky Rule of Criminal Procedure.

## FACTS

In 2018, Blackman was pulled over by a Deputy Sheriff in Henderson County for speeding. During the stop, the deputy smelled the odor of marijuana emanating from the vehicle. The deputy handcuffed Blackman and placed him in his cruiser and proceeded to search Blackman's vehicle. Inside a cooler in the backseat of the vehicle, the deputy found two baggies of what appeared to be marijuana.[2]

Blackman was arrested and charged with trafficking in marijuana. He was later also charged with being a persistent felony offender in the second degree. A jury found him guilty of both charges and recommended a sentence of eight (8) years, which was imposed. Blackman appealed as a matter of right. This Court affirmed his conviction in No. 2018-CA-1538-MR, and the Kentucky Supreme Court denied discretionary review.[3]

In October of 2020, Blackman filed a motion pursuant to RCr 11.42 seeking a new trial due to ineffective assistance of counsel. In the motion, Blackman asserted that his trial counsel had been ineffective for the following reasons: not challenging the warrantless search of the vehicle and the seizure of

---

[2] At the trial, Blackman's sister testified that she had borrowed Blackman's car earlier that day and had placed the marijuana, which she used medicinally, in the cooler.

[3] No. 2019-SC-000642-D.

the marijuana; failing to object to the opening statement of the prosecutor which mentioned that Blackman had remained silent during questioning; failing to object to the prosecution's attempt to shift the burden of proof; failing to conduct a meaningful *voir dire*; failing to object during the prosecution's production of evidence; failing to address the potential for racial bias; failing to present exculpatory evidence concerning Blackman's sister's use of marijuana as medicine; and failing to effectively advocate for Blackman during the sentencing phase of the trial.

A hearing was held on the motion in May of 2021. Following the hearing, the trial court entered an order finding that none of the allegations of deficient performance met the standard required to necessitate a new trial. Blackman filed this appeal.

## STANDARD OF REVIEW

A trial court reviews a motion for a new trial under RCr 11.42 using a two-part test. On appeal, we ascertain if the trial court properly applied the two-part test:

> The applicable standard of review in RCr 11.42 post-conviction actions is well-settled in the Commonwealth. Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d
37 (Ky. 1985), *cert. denied*, 478 U.S. 1010, 106 S. Ct.
3311, 92 L.Ed.2d 724 (1986). In *Fraser v.
Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001)
(citations omitted), the Supreme Court stated, "[a]fter the
answer is filed, the trial judge shall determine whether
the allegations in the motion can be resolved on the face
of the record, in which event an evidentiary hearing is not
required. A hearing is required if there is a material issue
of fact that cannot be conclusively resolved, i.e.,
conclusively proved or disproved, by an examination of
the record."

*Clark v. Commonwealth*, 476 S.W.3d 895, 897-98 (Ky. App. 2015).

On appeal, our standard of review is enunciated in *Commonwealth v.*

*McGorman*, 489 S.W.3d 731, 736 (Ky. 2016):

When faced with an ineffective assistance of counsel
claim in an RCr 11.42 appeal, a reviewing court first
presumes that counsel's performance was reasonable.
*Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky.
2007) (quoting *Haight v. Commonwealth*, 41 S.W.3d
436, 442 (Ky. 2001) *overruled on other grounds by
Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)).
We must analyze counsel's overall performance and the
totality of circumstances therein in order to determine if
the challenged conduct can overcome the strong
presumption that counsel's performance was reasonable.
*Haight*, 41 S.W.3d at 441-42. In addition, the trial
court's factual findings and determinations of witness
credibility are granted deference by the reviewing court.
*Id.* Finally, we apply the *de novo* standard when
reviewing counsel's performance under *Strickland*.
*Bussell*, 226 S.W.3d at 100.

*Crabtree v. Commonwealth*, 584 S.W.3d 291, 294 (Ky. App. 2019).

-4-

# ANALYSIS

First, the Commonwealth argues that Blackman raises several issues of alleged ineffectiveness to this Court which were not contained in the motion he filed in the trial court and that those allegations should not be reviewed. RCr 11.42(3) makes it clear that all allegations of ineffective assistance of counsel should be raised in the motion presented to the trial court.[4]

> We need not reach the merits of appellant's position because appellant has directed his ineffectiveness claim to the wrong court. Our courts have consistently held that the issue of ineffective assistance of counsel must be raised at the trial level by means of a post-trial motion for it to be considered on appeal. *Wilson v. Commonwealth,* Ky., 601 S.W.2d 280 (1980). Until the trial court considers and rejects appellant's claim of ineffective assistance, there is no error for appellate review. *Id.* at 284.

*White v. Commonwealth*, 695 S.W.2d 438, 440 (Ky. App. 1985).

We will not review the allegations of ineffectiveness not first presented to the trial court. We turn now to those allegations of error actually presented to the trial court in the RCr 11.42 motion.

Blackman first alleged in the motion that trial counsel had been ineffective for failing to challenge the warrantless search of the contents of his

---

[4] RCr 11.42(3): "The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

vehicle. He argued the officer had no probable cause to believe there was any contraband contained in the vehicle. The trial court held that trial counsel's decision not to file a motion to suppress the evidence found in the vehicle, to wit, the marijuana, was a matter of trial strategy. As the trial court indicated in its order, the deputy testified to smelling the odor of marijuana when he was at the open window of the vehicle conversing with Blackman, which provided probable cause for the search.

The "automobile exception" to the warrant requirement allows for warrantless searches of vehicles upon a finding of probable cause to believe contraband is contained therein. "[A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." *United States v. Ross*, 456 U.S. 798, 823, 102 S. Ct. 2157, 2172, 72 L. Ed. 2d 572 (1982).

The marijuana was found by the officer inside a closed soft-sided cooler located in the rear seat of the vehicle. At the trial, Blackman's sister provided testimony that the cooler belonged to her and that she had placed the marijuana, which she used medicinally, in the cooler when she had borrowed the vehicle to obtain the marijuana earlier in the day. As Blackman did not establish ownership of the cooler, and the testimony provided actually establishes that he was not the owner of the cooler, his Fourth Amendment rights were not violated;

therefore, he had no right to challenge the search of the cooler.[5] As Blackman's

rights could not be violated by the search of the container, counsel could not be

ineffective for not challenging the search of the container found within the

vehicle.[6]

Additionally, it appeared to be the strategy of trial counsel to highlight

Blackman's cooperation with the police, and he informed the jury that Blackman

had *consented* to the search. While this strategy may not have proved successful, it

was a strategic decision not beyond the range of reasonable representation. *Moore*

*v. Commonwealth*, 983 S.W.2d 479 (Ky. 1998).

---

[5]    In *Rawlings v. Commonwealth*, 581 S.W.2d 348 (Ky. 1979), this Court addressed a Fourth Amendment "standing" issue soon after *Rakas* [*v. Illinois,* 439 U.S. 128, 140, 99 S. Ct. 421, 428, 58 L. Ed. 2d 387 (1978)] was decided. Considering *Rakas*, *Rawlings* acknowledged a "prefer[ence] to speak in terms of substantive right under the Fourth Amendment" because the "concept of 'standing' is theoretically separate from a defendant's rights under the Fourth Amendment." *Id.* at 349. *Rawlings* nevertheless continued to use the "standing" terminology in its substantive analysis. *See id.* at 349-50.

*Warick v. Commonwealth*, 592 S.W.3d 276, 281–82 (Ky. 2019) (footnote omitted).

[6]    In the present case, the Supreme Court of Kentucky looked to the "totality of the circumstances," including petitioner's own admission at the suppression hearing that he did not believe that Cox's purse would be free from governmental intrusion, and held that petitioner "[had] not made a sufficient showing that his legitimate or reasonable expectations of privacy were violated" by the search of the purse. 581 S.W.2d[.] at 350.

*Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S. Ct. 2556, 2561, 65 L. Ed. 2d 633 (1980) (footnote omitted).

Second, Blackman alleged trial counsel was ineffective for failing to object when the prosecutor commented upon his silence during the opening statement and when he elicited the fact of his silence during examination of the officer. The trial court held that the brief references to Blackman's silence after being *Mirandized*[7] were not sufficient to overcome the high burden of holding that, had counsel objected, the outcome of the trial would have been different. The prosecution did not argue to the jury that Blackman's silence was indicative of guilt or otherwise mention the silence other than in passing when providing a narrative of the details of the traffic stop.

Again, the failure to object to the passing mention of post-*Miranda* silence could be a strategic decision not to call undue attention to the silence, particularly when it appears that trial counsel's theory of defense was to highlight Blackman's cooperation with the officer during the stop. The trial court cited *Hunt v. Commonwealth* in support of its holding that the mentions of his silence were not sufficient to find he was denied a fair trial. 304 S.W.3d 15 (Ky. 2009), *as corrected* (Jan. 6, 2010), *as modified on denial of reh'g* (Mar. 18, 2010). In *Hunt*, the Kentucky Supreme Court acknowledged that not every mention of an accused's silence will result in prejudice, when not "repeated, emphasized, or used as a

---

[7] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

prosecutorial tool." *Id.* at 37. The passing references without emphasis or overt use as a tool of prosecution were not prejudicial.

Blackman also alleged his counsel failed to object, to his detriment, when the prosecutor argued in trial that none of the defense witnesses ever came forward during the pendency of the trial to claim responsibility. The prosecutor was suggesting to the jury Blackman's explanation, that the marijuana was his sister's which she used medicinally, had been a recently crafted explanation. Blackman quantifies the prosecutor's argument as improper burden shifting. We disagree.

The burden of proof does shift to a defendant when forwarding an affirmative defense. The Commonwealth, of course, has the burden of proving each element of an offense beyond a reasonable doubt; "the burden of proof in a criminal case, except with respect to certain affirmative defenses, is always on the Commonwealth. KRS[8] 500.070; *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)." *Kirk v. Commonwealth*, 6 S.W.3d 823, 828-29 (Ky. 1999). However, when, as here, a defendant is arguing that his otherwise culpable behavior is excusable as an affirmative defense, the defendant bears the burden of persuasion.

---

[8] Kentucky Revised Statute.

Blackman had argued that he did not know the marijuana was in the cooler in the back seat because it was placed there by his sister, who had a "colorable reason" for possession.[9]  Again, it was not inappropriate for the prosecution to point out that during the investigation and while the trial was pending no mention was made of the sister's alleged medicinal use of marijuana.[10]  Counsel was not ineffective for not objecting to fair argument of the prosecution and the argument did not improperly shift the burden of proof.

Next, Blackman alleges trial counsel was ineffective for failing to challenge any venirepersons during *voir dire.*  In the motion presented to the trial court, the allegation is only that counsel failed to "conduct a meaningful *voir dire –* including challenging any potential jury for cause."  Such summary argument without any factual support is simply insufficient.  The Commonwealth cites *Roach v. Commonwealth*, arguing that the lack of factual allegations in the motion cannot be overcome with further factual support contained in the appellate brief.  "[C]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity

---

[9] We note that KRS 500.070(3) provides that a defendant bears the burden to prove an element only if "the statute which contains that element provides that the defendant may prove such element in exculpation of his conduct."  Because KRS 218A.1421 provides no "exculpation" for medicinal use, no burden of proof actually shifted to Blackman because even if his sister was a medicinal user of marijuana, such was no actual affirmative defense to the charge.

[10] "No court can require notice of a defense prior to trial time."  KRS 500.070(2).

standard and so warrant a summary dismissal." 384 S.W.3d 131, 140 (Ky. 2012) (internal quotation marks and citations omitted). We agree and will not review this allegation.

Likewise, the summary allegation in the motion that counsel failed to make any objection and failed to present exculpatory evidence regarding the sister's medical condition were not sufficiently pled so as to require our review.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the Henderson Circuit Court.

CLAYTON, CHIEF JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING IN RESULT: While I agree that issues not raised before the circuit court or those which are merely conclusory should not be considered by us, I concur in result only as to the majority's substantive rulings regarding matters properly considered below.

As no evidentiary hearing was held, I do not believe it was appropriate for the circuit court to make rulings concluding that Lloyd Blackman's trial counsel could not be ineffective because trial counsel's alleged ineffective assistance must have been the result of trial strategy. I believe the majority

-11-

Opinion is somewhat misleading as it appears to endorse such an approach as a reasonable basis for affirming.

As was established in *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001), "[t]he trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." Although a court will not second-guess counsel's trial strategy in a post-conviction proceeding, the trial court is not free to merely speculate trial counsel's actions were the result of a strategic decision.

The record must conclusively establish that counsel's alleged failures in effective advocacy were part of a strategic plan, *or* the trial court must find there could be no prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Commonwealth v. Searight*, 423 S.W.3d 226, 231 (Ky. 2014). Otherwise, an evidentiary hearing must be held to determine whether counsel's decisions were, in fact, "trial strategy, or 'an abdication of advocacy.'" *Hodge v. Commonwealth*, 68 S.W.3d 338, 345 (Ky. 2001) (quoting *Austin v. Bell*, 126 F.3d 843, 849 (6th Cir. 1997)). However, if counsel's decisions (whether trial strategy or an abdication of advocacy) could not have prejudiced the defendant, an evidentiary hearing need not be held. *Searight*, 423 S.W.3d at 231.

While the majority Opinion focuses on the prejudice prong, it appears to endorse the circuit court's conclusion that counsel's failure to challenge the

search of the cooler and failure to object to the reference to Blackman's post-*Miranda* silence were strategic decisions. As I do not agree that it was appropriate for the circuit court to summarily deny Blackman's RCr 11.42 motion on the basis that trial counsel's lack of action was the result of trial strategy, I would have rejected that as a basis for affirming and focused my analysis entirely on whether Blackman was prejudiced. Because Blackman failed to establish prejudice, affirming was appropriate.

I also disagree that Blackman conclusively lacked standing to object to the search of the cooler and thus lacked any Fourth Amendment rights as to its search. The cooler containing the marijuana was arguably within Blackman's possession and control as it was left in his vehicle by his sister. *See Bolin v. Commonwealth*, 592 S.W.3d 305, 312 (Ky. App. 2019); *Joseph v. Commonwealth*, 324 S.W.2d 126, 128 (Ky. 1959) (both discussing the reasonable expectation of privacy by drivers of loaned vehicles in the content of those vehicles). However, this does not matter as it is evident that the "plain smell" of the marijuana by the officer provided an appropriate basis for the officer to search the entirety of the vehicle and its contents. *Mayfield v. Commonwealth*, 590 S.W.3d 300, 304-05 (Ky. App. 2019). It cannot be prejudicial for a trial counsel to choose to not file a meritless motion.

Accordingly, I concur in result only.

BRIEF FOR APPELLANT:

Lloyd Blackman, *pro se*
Henderson, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky